BAILEY ET AL., APPELLANTS, *v.* SAMS ET AL., APPELLEES.

(No. 6-83-10—Decided May 9, 1985.)

*Bradford W. Bailey,* for appellants.
*Daniel N. Kosanovich* and *Harriet Turney,* for appellees.

MILLER, J. This is an appeal from a judgment of the Court of Common Pleas of Hardin County dismissing plaintiffs' complaint for failure to state a claim upon which relief can be granted.

Plaintiffs' complaint stated that defendants "published a written pseudogrievance form and distributed the same to their local union known as 'Truckdriver's, Warehousemen and Helpers, Union Local 908.'" A copy of the form was attached to the complaint as "Exhibit A" and reads as follows:

"GRIEVANCE FORM
"TRUCK DRIVERS,
"WAREHOUSEMEN AND HELPERS
"UNION LOCAL NO. 908
"Employed by Kenton
Transfer Co.          Date 5-3-83
"Foreman Mr. Bailey      Dept. Freight

"Company stealing money from employees since April 15, Bob Bailey and Maxcine Bailey and Muldoon 'legal advisor' has been stealing money from our checks. We the employees don't think we should have to pay for mismanagement or the Bailey's [*sic*] high standard of living. So we are asking for the difference between 9.00 dollars an hour and 13.31 an hour, plus all overtime and all guarantees. We also would

like 20 per cent interest for the use of our money.

"Doyle F. Sams

"Member Gene Gillen

"Don Smith    Steward Gene Gillen."

Plaintiffs further alleged that the written publication was malicious, false and in writing, that it damaged plaintiffs' reputation, and caused them mental anguish and loss of reputation.

Plaintiffs further alleged that defendant Local Union 908 republished and/or repeated the libelous statements to representatives of Local Union 908 and to the Ohio State Joint Grievance Committee.

Plaintiffs sought both compensatory and punitive damages.

Defendants filed a motion for dismissal pursuant to Civ. R. 12(B) or, in the alternative, for summary judgment together with an affidavit of Robert Groves, president of Local Union 908.

Plaintiffs filed a memorandum contra defendants' motion together with an affidavit of Bart C. Bailey, vice president of the Kenton Transfer Company.

The trial court, after oral argument, entered judgment as follows:

"This matter came before this Court on Defendants' Motion to Dismiss, or in the alternative, Motion for Summary Judgment. * * * [T]his Court hereby finds Defendants' Motion to Dismiss well-taken and hereby grants same.

"THEREFORE, it is ORDERED, ADJUDGED and DECREED that Defendants' Motion to Dismiss is hereby granted and that Plaintiffs' Complaint is hereby DISMISSED for failure to state a claim upon which relief can be granted against the Defendants. IT IS SO ORDERED."

Plaintiffs appeal that judgment setting forth one assignment of error, i.e., that the trial court erred in granting defendants' motion to dismiss for failure to state a claim.

Civ. R. 12(B) as pertinent provides as follows:

"Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * * (6) failure to state a claim upon which relief can be granted * * *. When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided, however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56. * * *"

Although matters outside the pleadings were filed herein, the trial court obviously chose to disregard those matters and to dispose of the motions on the pleadings, i.e., plaintiffs' complaint.

The syllabus of O'Brien v. University Community Tenants Union (1975), 42 Ohio St. 2d 242 [71 O.O.2d 223], states:

"In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ. R. 12(B)(6)), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. (Conley v. Gibson, 355 U.S. 41, followed.)"

Defendants contended in the trial court and argued in this court that the communication of the statement was by way of a grievance form in a labor dispute and, as such, was privileged.

In General Motors Corp. v. Mendicki (C.A. 10, 1966), 367 F. 2d 66, 70, the court stated that "* * * statements made either by representatives of management or by representatives of an employee at a conference and bargaining session having for its purpose the adjustment of a grievance of the employee

or other peaceable disposition of such grievance are unqualifiedly privileged."

However, in *Linn* v. *United Plant Guard Workers of America, Local 114* (1966), 383 U.S. 53, the court stated, at page 61:

"* * * In sum, although the Board tolerates intemperate, abusive and inaccurate statements made by the union during attempts to organize employees, it does not interpret the Act as giving either party license to injure the other intentionally by circulating defamatory or insulting material known to be false. See *Maryland Drydock Co.* v. *[National] Labor Board,* 183 F.2d 538 (C.A. 4th Cir. 1950). In such case the one issuing such material forfeits his protection under the Act. *Walls Manufacturing Co.,* 137 N.L.R.B. 1317, 1319 (1962).

"In the light of these considerations it appears that the exercise of state jurisdiction here would be a 'merely peripheral concern of the Labor Management Relations Act,' provided it is limited to redressing libel issued with knowledge of its falsity, or with reckless disregard of whether it was true or false. Moreover, we believe that 'an overriding state interest' in protecting its residents from malicious libels should be recognized in these circumstances. * * *"

Here, from the complaint and attached exhibit, it appears that the communication itself was directed to Local 908 by members of that union. Plaintiffs assert in their complaint that the statements were, in fact, false and it does not appear that any relationship existed which justified sending or providing the statements to the Ohio State Joint Grievance Committee. Therefore, insofar as the complaint is concerned, the statements were not privileged as being made in the course of a conference or bargaining session between representatives of management and representatives of the employees.

We thus conclude that, based upon the complaint and attached exhibit, that it does not appear that plaintiffs can prove no set of facts entitling them to recovery, and also conclude that the trial court erred to plaintiffs' prejudice in granting defendants' motion to dismiss for failure to state a claim upon which relief could be granted and that plaintiffs' assignment of error is well-taken.

The trial court's judgment must be reversed and the cause remanded with instructions to overrule the motion to dismiss and for further proceedings.

*Judgment reversed.*

GUERNSEY, P.J., and COLE, J., concur.