COLEMAN, APPELLANT, *v.*
REHABILITATION SERVICES COMMISSION,
APPELLEE.

(No. 82AP-366—Decided October 28, 1982.)

*Mr. Harry Gehler,* for appellant.
*Mr. William J. Brown,* attorney general, and *Mr. Michael H. Igoe,* for appellee.

REILLY, J. The record shows that plaintiff filed a complaint in the Court of Claims against defendant for personal injury damages sustained while she was sitting in a defective chair as an "invitee at a cafeteria managed, operated and furnished by defendant." Defendant filed a motion to dismiss for failure to state a claim upon which relief could be granted.

The court granted defendant's motion to dismiss. The entry reads as follows:

"Defendant moves to dismiss the complaint on grounds that it fails to state a claim upon which relief may be granted.

Plaintiff has responded by contra memorandum.

"The Court finds and concludes the Court of Claims Act created no new duty which [*sic*] respect to any liability to plaintiff in discharging its duties in accordance with R.C. 3304.29. Further private parties have no duty created by statute to render services of the kind set forth in R.C. 3304.29 which was enacted to assist the visually impaired of Ohio in their maintenance and well being. The performance or nonperformance of acts in implementation thereof cannot be the basis of a tort action by an injured party in consequence thereof.

"The Court further concludes plaintiff beyond a doubt would not be entitled to recover under any state of facts which could be proved in support of her claim. The motion is well taken."

Plaintiff advances one assignment of error:

"The Court erred in sustaining defendant's Motion to Dismiss."

The Supreme Court held in the syllabus of *O'Brien* v. *University Community Tenants Union* (1975), 42 Ohio St. 2d 242 [71 O.O. 2d 223], that:

"In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ. R. 12(B)(6)), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. (*Conley* v. *Gibson,* 355 U.S. 41, followed.)"

Thus, considering the sufficiency of the complaint, the basic rule is that it should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of her claim, which entitle her to relief.

Moreover, plaintiff alleges defendant is liable for negligence. At any rate, for such liability to have accrued there must be a breach of duty owed to plaintiff. *Strother* v. *Hutchinson* (1981), 67 Ohio St. 2d 282 [21 O.O.3d 177]. Furthermore, the

state's waiver of sovereign immunity does not impose new liabilities on the state; rather, immunity is waived only in those cases which are the normal subject matter of individual causes of action.

Defendant's statutory duties are specified in R.C. 3304.29, as follows:

"The bureau of services for the visually impaired shall:

"(A) Survey suitable vending facility concession opportunities for blind persons on governmental property;

"(B) Obtain and make public, information concerning employment opportunities for blind persons in suitable vending facilities;

"(C) License blind persons to operate suitable vending facilities on governmental property;

"(D) Adopt rules and do everything necessary and proper to carry out sections 3304.29 to 3304.34 of the Revised Code."

Defendant, the Bureau of Services for the Visually Impaired, was created by statute. Hence, it follows that its powers and duties are limited by statute. Although R.C. 3304.29(C) and (D) grant the defendant power to implement the duties placed upon it by statute for the benefit of blind vendors, the purpose of this legislation is to do what is necessary and proper to encourage the visually impaired to operate suitable vending facilities rather than, in effect, establish government-operated vending facilities. The circumstance that R.C. 3304.30 requires the defendant to provide an initial stock of inventory or provide adequate equipment for the facility does not involve state operation of such facility. It is simply for the purpose of assisting the visually impaired. Further, the statute explicitly provides that "[e]ach blind licensee may employ and discharge personnel required to operate his vending facility * * *."

Therefore, since the above-quoted statute does not impose a duty upon defendant to operate or manage a cafeteria, there is no such duty applicable to this case. Defendant's duty is only to assist the visually impaired in locating a suitable place for them to operate such facility. Defendant's responsibility is to the visually impaired, not to individual patrons of the vending facility. Moreover, there is no indication that the vendor is a state employee or employee of defendant.

In sum, the complaint alleges defendant to be negligent. Since defendant owes no duty to plaintiff, the complaint is deficient. Thus, the court properly dismissed plaintiff's case for failure to state a claim.

For the foregoing reasons, plaintiff's assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

Strausbaugh, J., concurs.

Norris, J., dissents.

Norris, J., dissenting. I must dissent in view of the majority's having disregarded the clear mandate of the Supreme Court in *O'Brien* v. *University Community Tenants Union* (1975), 42 Ohio St. 2d 242 [71 O.O.2d 223] (syllabus quoted in majority opinion).

Plaintiff alleges in her complaint that she was injured when a chair collapsed while she was a business invitee in a cafeteria which was operated and furnished by the state of Ohio. She further alleges that her injuries were the result of the state's negligence in having provided an unsafe chair for her use; in other words, that the state breached the common-law duty of care owed by the possessor of premises to a business invitee.

Defendant argues that it could not have breached any duty of care to plaintiff since it had no statutory duty to operate the cafeteria, citing R.C. 3304.29 (quoted in the majority opinion). That argument, regardless of its merits, also assumes that

R.C. 3304.29 precludes the state from participating in the operation and furnishing of cafeterias, an ill-founded assumption, in view of cafeterias being included within the definition of vending facilities (R.C. 3304.28[A]), the broad terminology utilized by divisions (B) and (C) of R.C. 3304.29, and the language of R.C. 3304.30 requiring the state to "* * * provide each suitable vending facility with equipment and an adequate initial stock of suitable articles to be vended * * *," and that of R.C. 3304.31 allowing the state to deny, revoke or suspend licenses or "* * * otherwise discipline a licensee * * *."

In short, plaintiff has alleged a set of facts which, if proved, could entitle her to recover from the state. The question of whether the state was in fact operating and furnishing the cafeteria was not yet ripe for determination on a motion for judgment on the pleadings.

The judgment should be reversed.