CALIMAN, Admr., Appellant,

v.

MIZE ET AL.; Equifax Services, Inc., Appellee.

[Cite as *Caliman v. Mize* (1989), 63 Ohio App.3d 231.]

Court of Appeals of Ohio,
Hamilton County.

No. C–880028.

Decided June 14, 1989.

*Patricia K. Young,* for appellant.

*Susan Grogan Faller* and *Richard M. Goehler,* for appellee.

*Per Curiam.*

This appeal arises from the trial court's granting of defendant-appellee Equifax Services, Inc.'s motion for summary judgment and overruling its Civ.R. 11 motion for sanctions. On August 22, 1986, plaintiff-appellant A. Noel Caliman, as administrator of the estate of Amma Anim Mize, brought this wrongful-death action alleging negligent investigation and reporting by defendant Equifax. However, the suit mistakenly named Accutex Services, Inc. as the defendant rather than Equifax. Determining this was incorrect, plaintiff filed an amended complaint on September 8, 1986, naming Equifax Services, Inc. as the proper party defendant. Equifax was served with summons on September 10, 1986. On November 6, 1987, Equifax moved for summary judgment and Civ.R. 11 sanctions. The trial court granted Equifax's motion for summary judgment and overruled its motion for Civ.R. 11 sanctions. The entry contained a Civ.R. 54(B) certification of no just reason for delay.

Plaintiff, in his single assignment of error, contends the trial court imprudently granted defendant Equifax's motion for summary judgment, and he raises three issues in support of this contention. In the first issue, plaintiff contends that wrongful-death actions are controlled by the two-year statute of

limitations and that time runs from the date of death. His second assertion is that when a defendant is incorrectly named, Civ.R. 15(C) applies. Third, he argues that Equifax's negligence was the proximate cause of Amma Anim Mize's death. We cannot agree for the reasons that follow.

In 1981, defendant Equifax was hired by National Life and Accident Company, now American General Life and Accident Insurance Company, to conduct a background investigation of John Dean Mize as a potential agent of the insurance company. Equifax's report failed to indicate Mize had been convicted of aggravated burglary, which was a matter of public record. Mize was hired by the insurance company as an agent. As a result, he came in contact with Amma Anim. Mize sold insurance to her and her family and later married her.

On November 17, 1983, John Mize as an insurance agent obtained a $100,000 life insurance policy on his wife Amma, with himself as the named beneficiary. In April 1984, additional insurance was obtained by John Mize on the life of his wife, and he was again the named beneficiary. On August 25, 1984, John Mize caused the death of his wife and subsequently was convicted of her murder.

Plaintiff contends that summary judgment was incorrectly granted because there exists a question of fact. Under Civ.R. 56(C), summary judgment shall be granted by the trial court when no genuine issue as to any material fact remains to be litigated, when the moving party is entitled to judgment as a matter of law, and when reasonable minds can come to but one conclusion, and that conclusion is adverse to the party opposing the motion. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

Plaintiff alleges negligence on behalf of Equifax in its 1981 investigation and reporting on John Mize as to his character, and in its failure to report a criminal record, which would have disqualified Mize as a life insurance agent. Plaintiff also alleges that because of Equifax's negligence, Mize was hired by an insurance company and began selling life insurance, enabling him to come in contact with Amma Mize. He then obtained insurance on her life at a substantially reduced rate, which ultimately resulted in her murder for the life insurance. Plaintiff argues that such negligence of Equifax was the direct and proximate cause of Amma's pain and suffering, ultimately resulting in death.

A cause of action for negligence accrues when the negligent act is committed. See *Richard v. Staehle* (1980), 70 Ohio App.2d 93, 24 O.O.3d 121, 434 N.E.2d 1379. Plaintiff argues the two-year statute of limitations for wrongful death applies, while basing his claim on a negligent act of hiring

that occurred in 1981. The suit filed in August 1986 is time-barred, having been filed more than two years after the alleged acts of negligence occurred.

■ We now turn to Civ.R. 15(C),[1] the purpose of which is to ameliorate the effect of the statute of limitations in certain instances. Three conditions must be satisfied to prevail under the rule. The party seeking to relate an amended pleading back to the date of an original pleading must demonstrate that: (1) the claim asserted in the amended complaint arose out of the conduct, transaction, or occurrence set forth in the original complaint; (2) within the period provided by law for commencing the action against him, the party to be brought in by amendment received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and (3) within the period provided by law for commencing the action against him, the party to be brought in knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

While the first condition may well be satisfied, as to the second condition there is evidence in the record that defendant Equifax did not receive notice of the lawsuit prior to receiving service of the amended complaint in September 1986. This is more than two years after the alleged negligence in investigating Mize's character for the insurance company occurred. This is not a case where the substituted defendant Equifax can be presumed to have known of the action because of the similarity of the names "Equifax" and "Accutex." We cannot presume that Equifax knew of the pending suit prior to any amended complaint being filed against it. There is no evidence in the record to indicate there is any relationship between the first-named defendant Accutex and Equifax Services, Inc.

---

1. Civ.R. 15(C) provides:

"(C) Relation back of amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

"The delivery or mailing of process to this state, a municipal corporation or other governmental agency, or the responsible officer of any of the foregoing, subject to service of process under Rule 4 through Rule 4.6, satisfies the requirements of clauses (1) and (2) of the preceding paragraph if the above entities or officers thereof would have been proper defendants upon the original pleading. Such entities or officers thereof or both may be brought into the action as defendants."

Concerning the plaintiff's argument that the wrongful-death statute of limitations applies and that time did not begin to run until Amma Anim Mize's death, we are still compelled to conclude the claim is time-barred because her death occurred on August 25, 1984, more than two years before service on the defendant Equifax.

With respect to plaintiff's last issue raised, plaintiff argues defendant Equifax's negligence was the sole cause of the death of Amma Anim Mize. Liability for negligence is predicated upon injury caused by the failure to discharge a duty owed to the injured party. See *Coleman v. Rehab. Serv. Comm.* (1982), 8 Ohio App.3d 132, 8 OBR 188, 456 N.E.2d 506. In order to find negligence, there must be a duty owed, a breach of that duty, proximate causation and damages. See *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 21 O.O.2d 177, 423 N.E.2d 467. We find no duty owed by defendant Equifax to plaintiff. Moreover, John Mize, the husband of Amma Anim Mize, was found guilty of murdering his wife. This criminal act is not reasonably foreseeable and cannot be linked to the alleged negligence of defendant Equifax or said to be that which proximately caused the death of Amma Anim Mize.

Consequently, reasonable minds could only conclude that no genuine issues of material fact exist and that defendant Equifax is entitled to summary judgment as a matter of law. Plaintiff's assignment of error is overruled. We affirm the judgment of the trial court.

*Judgment affirmed.*

HILDEBRANDT, P.J., UTZ and GORMAN, JJ., concur.