242

O'Brien, Appellee, *v.* University Community Tenants Union, Inc., Appellant.

[Cite as O'Brien v. University Community Tenants Union (1975), 42 Ohio St. 2d 242.]

(No. 74-400—Decided May 7, 1975.)

244

*Mr. Charles W. O'Brien, in propria persona.*
*Messrs. Patchen, Murphy & Allison* and *Mr. Terrence J. Morse,* for appellant.

CELEBREZZE, J. Appellant urges that appellee's prayer for injunctive relief was a request to the trial court to impose a prior restraint on appellant's First Amendment protected speech.

Appellee, on the other hand, urges that there is no prior restraint involved and that he only asked for restraint of repetition of "speech" already determined by a court to be defamatory.

This cause comes before the court on a procedural question. The test for determining whether to dismiss a complaint for failure to state a claim is that:

"In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley* v. *Gibson* (1957), 355 U. S. 41, 45.

The Court of Appeals determined that if the trial court found statements made by appellant about appellee libelous or slanderous, then the question whether defendant should be enjoined from future repetition of the same statements could properly be before the court.

Although we agree that there can be a set of facts which would entitle appellee to relief, and for that reason affirm, further comment is required to emphasize the narrow ground upon which this affirmance is based.

The United States Supreme Court, referring to freedom of speech, said:

" * * * Of that freedom one may say that it is the matrix, the indispensable condition of nearly every other form of freedom." *Palko* v. *Connecticut* (1937), 302 U. S. 319, 327.

However, some narrow classes of speech are unprotected by the First Amendment, *Cantwell* v. *Connecticut* (1940), 310 U. S. 296. Once speech has judicially been found libelous, if all the requirements for injunctive relief are met, an injunction for restraint of continued publication of that *same* speech may be proper. The judicial determination that specific speech is defamatory must be made prior to any restraint. *Curtis Publishing Co.* v. *Butts* (1967), 388 U. S. 130, 149.

In an analogous area, dealing with obscene materials, the United States Supreme Court, in *Southeastern Promo-*

*tions* v. *Conrad* (March 18, 1975), ▢ U. S. ▢, 43 U. S. L. W. 4365, 4369, said:

"* * * The presumption against prior restraints is heavier—and the degree of protection broader—than that against limits on expression imposed by criminal penalties. Behind the distinction is a theory deeply etched in our law: a free society prefers to punish the few who abuse rights of speech *after* they break the law than to throttle them and all others beforehand. It is always difficult to know in advance what an individual will say, and the line between legitimate and illegitimate speech is often so finely drawn that the risks of freewheeling censorship are formidable. See *Speiser* v. *Randall*, 357 U. S. 513 (1958)."

Speaking of allowable remedies available, that same court, in *Kingsley Books* v. *Brown* (1957), 354 U. S. 436, 437, said:

"* * * 'limited injunctive remedy,' under closely defined procedural safeguards, against the sale and distribution of written and printed matter found *after due trial* to be obscene [may be allowed] * * *." (Emphasis added.) See, also, *State, ex rel. Ewing*, v. *Without A Stitch* (1974), 37 Ohio St. 2d 95, for another form of allowable restraint.

An examination of the complaint in this case reveals that most of the relief prayed for by appellee is purely prospective in nature. However, appellee does allege that files of a false and defamatory nature are being used to coerce the public into refusing to rent from him. If those allegations can be substantiated, a claim for proper injunctive relief might be granted. See *Yood* v. *Daly* (1930), 9 Ohio Law Abs. 197; *Wolf* v. *Gold* (1959), 9 App. Div. 2d 257, 193 N. Y. Supp. 2d 36.

Since it does not appear beyond doubt that appellee can prove no set of facts which would entitle him to relief, the judgment of the Court of Appeals must be affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, W. BROWN and P. BROWN, JJ., concur.