ASSOCIATION FOR THE DEFENSE OF CENTRAL HIGH SCHOOL ET AL., APPELLANTS, v. COLUMBUS BOARD OF EDUCATION ET AL., APPELLEES.

(No. 82AP-1066—Decided June 16, 1983.)

Mr. Robert M. Draper and Mr. Earl K. Desmond, for appellants.

Messrs. Porter, Wright, Morris & Arthur, Mr. Samuel H. Porter, Mr. William J. Kelly, Jr., Mr. Daniel W. Costello and Mr. Lawrence H. Braun, for appellees.

NORRIS, J. Plaintiffs appeal from a judgment of the trial court dismissing their complaint for failure to state a claim upon which relief can be granted, pursuant to defendants' motion filed under Civ. R. 12(B)(6).

Plaintiffs, an association and several hundred individuals, filed a complaint alleging that they are residents of an area of the city of Columbus which is located within the jurisdictional boundaries of Central High School; that they have a right to have a school located in the neighborhood of their residence, and the right to receive a free education in a school located in their neighborhood among their families and friends, by virtue of R.C. 3313.48; and that the defendant school board has voted to close Central High School and to bus to outlying schools the students who would have attended Central High School. Plaintiffs sought declaratory relief, and injunctive relief preventing the closing of Central High School.

In their memorandum of law in support of their motion to dismiss, defendants contended that R.C. 3313.48 does not confer upon plaintiffs the right claimed, and that the purported right to attend neighborhood schools conflicts with desegregation orders of the local United States District Court. The trial court sustained defendants' motion without comment.

Plaintiffs raise one assignment of error:

"The Court of Common Pleas committed reversible error when it sustained the motion to dismiss for failure to state a claim upon which relief can be granted."

Two sections of the Revised Code are relevant to our consideration of the assignment of error:

R.C. 3313.48 provides, in part:

"The board of education * * * shall provide for the free education of the youth of school age within the district under its jurisdiction, at such places as will be most convenient for the at-
tendance of the largest number thereof. * * *"

R.C. 3313.49 provides, in part:

"The board of education * * * may suspend * * * any school in such district because of disadvantageous location or any other cause. Whenever any school is suspended, the board of education of the district shall at once provide for the assignment of the pupils residing within the territory of the suspended school to such other schools as are named by said board."

In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that plaintiffs can prove no set of facts entitling them to recovery. *O'Brien* v. *University Community Tenants Union* (1975), 42 Ohio St. 2d 242 [71 O.O.2d 223].

Plaintiffs' entire claim for relief is predicated upon their contention that they are in possession of an absolute right to have a school located in their neighborhood and to attend that school, and that the right is conferred by R.C. 3313.48. If there be such a right, then it is arguable that plaintiffs pleaded facts, which, if proved, would entitle them to the relief sought. However, it is clear from the plain language of R.C. 3313.48 that no such right is granted to plaintiffs by the statute.

Insofar as the location of school buildings is concerned, what is granted by the statute, at most, is the qualified right of students of the district, when considered as a whole, to expect that their schools will not be located in such a manner that they will be convenient only for the attendance of a minority of the district's students — where, for example, all schools might be clustered in one sparsely populated corner of the district. The right conferred is not for any one student or group of students to have a particular school located in one particular place. And this qualified right is further limited by the discretion given the board

by R.C. 3313.49 to close a particular school "because of disadvantageous location or any other cause." Accordingly, pursuant to the statutes quoted, the only basis upon which plaintiffs might prevail would be to allege and prove a set of facts amounting to misconduct by the school board of such a magnitude as to amount to a gross abuse of discretion. No such facts are alleged to have transpired; instead of alleging facts which would constitute violation of a qualified right, plaintiffs allege the violation of an absolute right, a right which, as a matter of law, simply does not exist.

Defendants' argument that relief is precluded by a federal court order is not well-taken. Plaintiffs' complaint alleges that the relief sought would not violate the order. Accordingly, defendants' argument in this regard presents matters outside the pleading, and would require treatment of defendants' motion as a motion for summary judgment were those matters to be considered. Civ. R. 12(B).

We have construed the allegations which underlie plaintiffs' claim in an effort to determine if plaintiffs raise any possible set of facts which would entitle them to relief, and conclude that it appears beyond doubt from the complaint that plaintiffs can prove no set of facts entitling them to recover. Accordingly, the trial court properly granted defendants' motion to dismiss for failure to state a claim upon which relief could be granted.

The assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

REILLY and COOK, JJ., concur.

COOK, J., of the Eleventh Appellate District, sitting by assignment in the Tenth Appellate District.