SULLIVAN, APPELLANT, *v.* OHIO REHABILITATION SERVICES COMMISSION ET AL., APPELLEES.

(No. 86AP-634 — Decided
December 4, 1986.)

*Kabat, Mielziner & Sobel* and *Gary
B. Kabat,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney
general, and *Jacqueline F. Dietz,* for appellees.

REILLY, J. This is an appeal from a judgment of the Court of Claims of Ohio dismissing plaintiff's complaint which sought from defendants an award of attorney fees incurred in retaining private counsel to defend him in a civil action brought against him and other state employees in the United States District Court for the Northern District of Ohio, Eastern Division.

The standard for a Civ. R. 12(B)(6) motion for dismissal has been set forth in *O'Brien* v. *University Community Tenants· Union* (1975), 42 Ohio St. 2d 242, 71 O.O. 2d 223, 327 N.E. 2d 753. In *O'Brien,* the Supreme Court held that before a court may dismiss a complaint for failing to state a claim upon which relief can be granted, it must appear beyond a doubt from the allegations in the complaint that plaintiff can prove no set of facts which, when construed most favorably to plaintiff, would entitle him to relief.

Plaintiff has alleged that the state employees, including the plaintiff herein, named in the civil action filed in federal court had conflicting claims. Hence, plaintiff determined he could not properly be represented by the Attorney General. Whereupon, he requested that counsel be appointed to represent him.

The Attorney General refused to appoint or pay for the private counsel who represented plaintiff in federal court. Plaintiff contends that because there were conflicting interests among the plaintiff and the state employees named as defendants in the civil action filed in federal court, the Attorney General had a duty and an obligation pursuant to R.C. 109.361 to appoint special counsel.

In plaintiff's second cause of action, he alleged that the right to have special counsel appointed as defined in R.C. 109.361 includes the right to appoint special counsel of plaintiff's choice. Therefore, because the Attorney General refused to appoint such counsel, he contends that defendants breached their statutory duty. R.C. 109.361. Plaintiff seeks from defendants the legal fees he incurred in retaining private counsel to represent him in the action brought in federal court.

R.C. 109.361 provides in pertinent part:

"Upon the receipt of a written request by any officer or employee, the attorney general shall * * * represent and defend the officer or employee in any civil action instituted against the officer or employee. All expenses and court costs, including the reasonable compensation of special counsel, incurred by the attorney general in the defense of an officer or employee of the state shall be paid by the employer that employed the officer or employee at the time the alleged act or omission occurred."

Hence, the Attorney General must receive a written request asking that the Attorney General defend that officer or employee in the civil action. Plaintiff did not allege in his complaint that this was done.

Further, R.C. 109.07 provides that "[t]he attorney general may appoint special counsel to represent the state in civil actions * * * in which the state is a party or directly interested. Such special counsel shall be paid for their services from funds appropriated by the general assembly for that purpose." The Supreme Court has held that the Attorney General has discretionary power to appoint and determine the compensation to be paid to special counsel. See *State, ex rel. Duffy,* v. *Ferguson* (1937), 132 Ohio St. 524, 8 O.O. 500, 9 N.E. 2d 290.

The Supreme Court, in *State, ex rel. Walton,* v. *Crabbe* (1924), 109 Ohio St. 623, 625-626, 143 N.E. 189, 190, also described the Attorney General's range of discretion in the selection of special counsel as follows:

"* * * [I]f in his opinion the interests of the state require it, the attorney general may appoint special counsel to represent the state in civil actions or criminal prosecutions or other proceedings in which the state is a party or directly interested, and that such special counsel shall be paid for their services from funds appropriated by the General Assembly for that purpose."

In addition, the court noted that "it is also clear that authority [procurement of special counsel] is reposed in the attorney general to appoint special counsel for such purpose if in his opinion the interests of the state require it." *Id.* at 626, 143 N.E. at 190. Thus, the Attorney General is vested with the discretionary authority to appoint special counsel and fix compensation.

R.C. 109.364 provides, however, that if the Attorney General denies representation to an officer or employee who has made a written request for representation, the "employee may, upon the termination of the action for which he requested the representation, commence an action in the court of claims against the employer pursuant to sections 2743.01 to 2743.20 of the Revised Code for the reasonable expenses incurred in providing his own defense." The statute further states that "[t]he reasonable expenses may include, but are not limited to, payment of court costs, attorney's fees, investigative costs, and expert witness fees."

Plaintiff failed to satisfy the requirement of R.C. 109.361 because he did not provide the Attorney General with a written request for representation. Instead, plaintiff "requested that defendants herein appoint Gary B. Kabat as special counsel to represent his interests in that civil action." Hence, plaintiff bypassed the Attorney General's discretionary powers and made a self-determination that the Attorney General could not have properly represented him. Such a determination by plaintiff was improper.

It is within the discretion of the Attorney General to decide whether state employees, including the plaintiff, in the federal suit had conflicting interests or conflicting positions which would require the appointment of special counsel to represent plaintiff's interests. If the Attorney General improperly refused to represent plaintiff, plaintiff could have then filed a suit against the employer pursuant to R.C. 2743.01 to 2743.20 as stated in R.C. 109.364.

Plaintiff had a duty to file with the Attorney General's office a written request for representation. This was not done. Plaintiff requested the appointment of special counsel of his own choice. Notwithstanding, the Attorney General has the discretion to appoint and to fix the compensation to be paid special counsel.

Since plaintiff never filed a written request with the Attorney General asking that the Attorney General represent him in the civil action in federal court, and since the Attorney General was not given the opportunity to exercise his discretion in determining whether to ap-

point special counsel of his choosing, plaintiff cannot now require that his attorney fees incurred in retaining private counsel be paid by defendants.

Thus, applying the standard set forth in *O'Brien, supra,* it appears beyond a doubt from the allegations in the complaint that plaintiff can prove no set of facts which, when construed in the light most favorable to the plaintiff, would entitle plaintiff to his claim for relief against the defendants. Therefore, the Court of Claims did not err in the dismissal of plaintiff's amended complaint.

For the foregoing reasons, the judgment of the Court of Claims of Ohio is affirmed.

*Judgment affirmed.*

TYACK and OLIVITO, JJ., concur.

OLIVITO, J., of the Jefferson County Court of Common Pleas, sitting by assignment in the Tenth Appellate District.