KREJCI, ADMX., APPELLANT, *v.* AKRON PEDIATRIC NEUROLOGY, INC. ET AL., APPELLEES.

(No. 12652 — Decided January 21, 1987.)

*Paul G. Perantinides,* for appellant.
*Peter P. Zawaly, Jr.,* for appellees.

GEORGE, J. On October 14, 1984, Deborah A. Weidrick died as a result of injuries sustained when the automobile she was driving was struck by one driven by William Korsmo. The accident occurred when Korsmo suffered an epileptic seizure.

A suit for wrongful death was brought by plaintiff-appellant, Mary A. Krejci, Weidrick's mother and the administratrix of her estate, against defendants-appellees, Akron Pediatric Neurology, Inc. and G. Dean Timmons, M.D.; Korsmo was a patient of Dr. Timmons and the professional association.

Krejci appeals the trial court's dismissal of the case for failure to state a claim pursuant to Civ. R. 12(B)(6). This court reverses in part and affirms in part.

The basis of Krejci's suit is that Dr. Timmons was negligent in certifying Korsmo's medical condition as being sufficiently controlled to permit him to drive pursuant to R.C. 4507.08(B). The suit also alleges that Dr. Timmons fraudulently misrepresented in his certification to the Bureau of Motor Vehicles that Korsmo was capable of driving safely.

Where a cause of action has been dismissed by the trial court pursuant to Civ. R. 12(B)(6), a reviewing court must consider all material allegations of the complaint as if they were admitted. The question to be answered is whether it appears "beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien* v. *University Community Tenants Union* (1975), 42 Ohio St. 2d 242, 71 O.O. 2d 223, 327 N.E. 2d 753, syllabus (following *Conley* v. *Gibson* [1957], 355 U.S. 41).

Krejci raises three assignments of error. The first two are interrelated and will be discussed together.

Assignments of Error

"I. The trial court erred in granting defendants' motion to dismiss for the failure to state a claim since the defendants owed a common law duty to the plaintiff based on their relationship to Mr. Korsmo.

"II. The trial court erred in granting defendants' motion to dismiss for failure to state a claim since Section

4507.08 of the Ohio Revised Code creates a private cause of action in plaintiff's favor."

It is well-established in Ohio that liability in negligence will not lie in the absence of a special duty owed by the defendant. *Gelbman* v. *Second Natl. Bank of Warren* (1984), 9 Ohio St. 3d 77, 78, 9 OBR 280, 281, 458 N.E. 2d 1262, 1263. The sole issue here is whether the defendant physician and professional association owed a special duty to any segment of the public, of which plaintiff's decedent was a member.

Ohio's statutory scheme requires the Registrar of Motor Vehicles to issue a license to one subject to epileptic seizures if a physician certifies that the individual's condition is under effective medical control. R.C. 4507.08(B) reads in pertinent part:

"* * * A restricted license effective for six months *shall* be issued to any person who is otherwise qualified who is subject to any condition which causes episodic impairment of consciousness or a loss of muscular control if the person presents a statement from a licensed physician that his condition is under effective medical control and the period of time for which the control has been continuously maintained * * *." (Emphasis added.)

Thus, it is clear that the physician's statement is the basis for the registrar's issuance of a license to the applicant, thereby authorizing him to drive on public roads. The provision then is one intended for the protection of members of the public who may be injured if the applicant's condition is not medically controlled and he suffers a seizure while driving. Therefore, in undertaking to provide such statement for the registrar, the physician has a duty to determine within reasonable medical certainty that the patient's condition is in fact under effective medical control.

This duty to exercise reasonable care in certifying that the patient's condition is under effective medical control is to be distinguished from a duty to control the patient's activities or conduct, as Krejci attempts to assert here. Sections 315 and 319 of the Restatement of the Law 2d, Torts (1965), which outline a duty to control where a special relationship exists, are not applicable.

A duty to control may be imposed only where the person upon whom the duty is to be imposed has the ability to control the individual's conduct. A physician cannot prevent a patient who is not institutionalized from driving a car. Nor can a physician force a patient to take the medication that will control the seizures.

The duty imposed here is not a duty to warn. There is no requirement cited to this court that a physician must report the names of all patients who may suffer seizures and cause accidents while driving.

It is important to note that the imposition of a duty to exercise care in certifying the patient's condition as medically controlled does not make defendants insurers against injury resulting from the seizure suffered by Korsmo while driving. Defendants here may be liable, if at all, only for negligence in certifying that Korsmo's condition was medically controlled. Thus, in light of the above, dismissal here was improper and the cause must be remanded for consideration of evidence going toward possible negligence by defendants in certifying Korsmo's condition as medically controlled.

### Assignment of Error

"III. The trial court erred in granting defendants' motion to dismiss for failure to state a claim since defendants failed to prove that plaintiff could prove no set of facts which would entitle plaintiff to relief."

This assignment of error is limited

to the court's order dismissing the second count of the complaint. In her second count, Krejci alleged that:

"* * * Defendants, their servants, agents and employees did deliberately, fraudulently and with knowledge, misrepresent to the state of Ohio and the general public, including Deborah A. Weidrick, that William A. Korsmo was fit and capable of safely operating a motor vehicle in the state of Ohio."

The complaint asserts that plaintiff, the state and the general public relied upon representations of the defendants and that as a direct and proximate result of this reliance, Deborah A. Weidrick was injured and died.

Justifiable reliance upon the representation is one of the elements of common-law fraud. *Burr* v. *Stark Cty. Bd. of Commrs.* (1986), 23 Ohio St. 3d 69, 23 OBR 201, 491 N.E. 2d 1101, paragraph two of the syllabus. In order to rely, Weidrick must have been aware of the representation. The certification which Dr. Timmons made was to the Bureau of Motor Vehicles, which in turn issued the license to Korsmo. Dr. Timmons made no representation to Weidrick; nor would she have been aware that such representation had been made to anyone. Thus, plaintiff can prove no set of facts to establish Weidrick's reliance on the representation. The third assignment of error is overruled.

In view of the above, this court affirms the dismissal of the second count of the complaint and reverses the trial court's dismissal of the first count. The matter is remanded for further proceedings to determine whether Dr. Timmons used reasonable medical care in certifying Korsmo's condition as being controlled.

*Judgment accordingly.*

MAHONEY, P.J., and BAIRD, J., concur.