GUTHRIE, GUARDIAN, ET AL., APPELLANTS, *v.* THE STATE OF OHIO [LIQUOR CONTROL COMMISSION] ET AL., APPELLEES.

(No. 87AP-557—Decided March 29, 1988.)

*Thomas M. Tyack & Associates Co., L.P.A., Mark A. Serrott* and *Daniel J. Igoe,* for appellants.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Simon B. Karas,* for appellees.

WHITESIDE, P.J. Plaintiffs, Margaret and Charles M. Guthrie, appeal from the judgment of the Court of

Claims and raise two assignments of error as follows:

"1. The trial court erred in treating defendants' motion to dismiss as a motion for summary judgment without first notifying the parties at least fourteen (14) days before the time fixed for a hearing.

"2. The trial court erred in dismissing plaintiffs' complaint on the basis that the complaint failed to state a claim upon which relief could be granted."

By their complaint, plaintiffs allege that plaintiff Charles Guthrie was injured while a patron of Earl's Bar, a liquor establishment, which had been issued a license for the serving of alcoholic beverages by defendant state of Ohio through its Department of Liquor Control. The complaint alleges that, at the time in question, Guthrie, a patron of Earl's Bar, left the bar with Gladys Marie Saylor and upon his return was confronted by Saylor and one Sam Houston "who demanded that Plaintiff pay for his 'date.'" Guthrie then left the bar but was followed by Houston and Saylor. The complaint alleges that Houston "maliciously, intentionally, willfully, wantonly and feloniously assaulted Plaintiff, Charles M. Guthrie, striking him with his fists numerous times until he fell to the ground and then kicking him into unconsciousness." The complaint also alleges that Guthrie, as a result of this assault, is of unsound mind and is institutionalized.

To attempt to bring the state into the transaction and assault, plaintiffs allege that the state, through its "Department of Liquor Control and Liquor Control Commission knew, or should have know [*sic*], of the propensity for violence of the patrons of Earl's Bar, the history of said establishment for violation of criminal and liquor laws and regulations which violations were likely to be the cause of serious bodily injury to patrons of the establishment and that Earl's Bar, by reason of its operation and the open invitation to the public to enter the premises, represented that this establishment was a safe place for persons such as Plaintiff, Charles Guthrie, to enter." The complaint also alleges that the state should have known that "Earl's Bar constituted a nuisance and a serious threat to the safety of others" and that the state was negligent "in permitting said nuisance to exist" and "in failing to act to terminate the existence of the nuisance" by revoking the licenses issued to Earl's Bar. Plaintiff Margaret Guthrie is the wife and guardian of Charles Guthrie and seeks recovery for alleged loss of consortium.

The first assignment of error is predicated upon an inconsistency within the entry of the trial court, which is actually a written decision as well. At the outset, the entry indicates the trial court considered the motion as one for summary judgment pursuant to Civ. R. 56, but, toward the end of the entry, the trial court indicated that it was considering the matter solely on the question of whether the complaint stated a cause of action. In the final disposition clause, the trial court again referred to the motion's being treated as one for summary judgment and being disposed of in accordance with Civ. R. 56.

Despite this inconsistency and confusion in the trial court's entry, it is clear therefrom that the sole determination by the trial court was whether the complaint stated a claim for relief against the state.

Although it was error for the trial court to attempt to treat the motion to dismiss as a motion for summary judgment without notifying the parties and affording them an opportunity to respond in accordance with Civ. R. 12(B) and 56, nevertheless, such error is not prejudicial if, as a matter of law, the

complaint does not state a claim for relief, and a motion to dismiss thereto necessarily would be required to be sustained. Accordingly, the final determination of the first assignment of error must await determination of the second.

By the second assignment of error, plaintiffs contend that the trial court erred in finding that the complaint fails to state a claim upon which relief can be granted. Plaintiffs correctly point out that the proper test to be applied is that set forth in *O'Brien* v. *University Community Tenants Union* (1975), 42 Ohio St. 2d 242, 71 O.O. 2d 223, 327 N.E. 2d 753, which is that a motion to dismiss a complaint upon the grounds that it does not state a claim for relief should be overruled unless it is established beyond doubt that, under the allegations of the complaint, the plaintiff can prove no set of facts which would support a claim for relief.

Plaintiffs first point out that R.C. 4301.22 contains certain prohibitions with respect to conduct of the holder of a permit issued by the Department of Liquor Control for the sale of beer or intoxicating liquor, including requirements that the permit holder not permit the premises to be used, frequented or resorted to by riotous, noisy or disorderly persons, including gamblers and prostitutes, and that the permit holder not otherwise permit a breach of the peace on the permit premises. Plaintiffs also rely upon *Reynolds* v. *State* (1984), 14 Ohio St. 3d 68, 14 OBR 506, 471 N.E. 2d 776, wherein the Ohio Supreme Court held that, under some circumstances, express violation of a statutory duty by a state officer or employee may constitute negligence for which the state may be liable. In *Reynolds,* the Supreme Court held, in paragraph two of the syllabus, that the state could be liable "for personal injuries proximately caused by the failure to confine the prisoner during nonworking hours in accordance with R.C. 2967.26(B)," which specifically requires the state to confine a furloughed prisoner during any nonworking period. However, the Supreme Court in *Reynolds* also specifically held that the state could not be held liable "for its decision to furlough a prisoner." *Id.* at 70, 14 OBR at 508, 471 N.E. 2d at 778.

Here, there is no express statutory duty on the part of the state to supervise bar activity on a day-to-day basis comparable to the duty to confine a furloughed prisoner during nonworking hours. Rather, the only statute relied upon by plaintiffs is R.C. 4301.22, which purports to control not the conduct of the state or its employees but, rather, the conduct of liquor permit holders. No statute has been called to the attention of this court, and we are aware of none, which imposes a specific duty upon the state to take specific action with respect to permit holders comparable to the specific duty set forth in R.C. 2967.26, requiring the state to confine a furloughed prisoner during nonworking hours. Cf. R.C. 4301.25 *et seq.,* pertaining to suspension or revocation of permits.

Therefore, even assuming that *Reynolds* somehow could be applicable under the circumstances of this case, such application would not impose liability upon the state with respect to the conduct of a patron of a liquor permit holder, whether occurring on or off the permit premises. Although the Supreme Court in *Reynolds* did expressly hold in paragraph one of the syllabus that "once the decision has been made to engage in a certain activity or function, the state may be held liable, in the same manner as private parties, for the negligence of the actions of its employees and agents in the performance of such activities," we do not understand this to apply to basic licensing functions, since licensing functions are ordinarily executive

functions involving the making of basic policy decisions characterized by the exercise of a high degree of official judgment or discretion, or constituting the exercise of quasi-judicial authority. However, even to the extent, if any, that licensing functions of the Department of Liquor Control or the Liquor Control Commission may be the predicate for the imposition of liability for breach of duty, the duty involved is to the public generally and to the applicant for a permit, or the permit holder, not to individual patrons of the licensed establishment.

In short, plaintiffs' complaint does not state a claim for relief against the state, since the complaint does not allege a violation of any duty the state owed to plaintiffs in any capacity which could be the predicate of a tort action founded in negligence, whether as a result of violation of a statute, or otherwise, there being no express specific statutory provision even alleged to have been violated. To the extent it is alleged that there has been a violation of a statutory duty, such duty arises only by vague implication from unspecified statutes, since R.C. 4301.22, cited and relied upon by plaintiffs, imposes no duty upon the state. Accordingly, the Court of Claims did not err in dismissing plaintiffs' complaint for failure to state a claim upon which relief could be granted. The second assignment of error is not well-taken.

Since the second assignment of error is not well-taken, the first also cannot be, for, as we stated above, the error of the trial court in suggesting that it was considering the motion to dismiss as one for summary judgment without proper prior notification to the parties is not prejudicial inasmuch as the motion to dismiss should have been sustained as such pursuant to Civ. R. 12(B)(6).

For the foregoing reasons, both assignments of error are overruled, and the judgment of the Ohio Court of Claims is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and REILLY, JJ., concur.