## COLUMBIA GAS OF OHIO, INC.

### v.

### ROBINSON.

Toledo Municipal Court, Lucas County, Ohio.

No. CVF–95–06074.

Decided April 26, 1996.

See, also, 81 Ohio Misc.2d 15, 673 N.E.2d 701.

*Naomi Hokky,* for Columbia Gas of Ohio, Inc.

*Joseph P. Sheehy,* for Angelo Robinson.

THOMAS J. OSOWIK, Judge.

The court finds that this matter comes before the court for determination of the plaintiff's motion to dismiss the counterclaim of the defendant.

■ The plaintiff moves the court to dismiss the counterclaim for failure to state a claim upon which relief can be granted and, further, because the subject matter is exclusively within the province of the Public Utilities Commission.

In reviewing a motion to dismiss under Civ.R. 12(B)(6), the court must accept as true all factual allegations in the complaint. *Greeley v. Miami Valley Maintenance Contrs., Inc.* (1990), 49 Ohio St.3d 228, 551 N.E.2d 981. The motion must be denied unless it appears beyond a doubt that the plaintiff can prove no set of facts, consistent with the complaint, which would entitle the plaintiff to relief. *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753.

Upon review of the pleadings, the court finds that the counterclaim alleges that the defendant himself expended funds in the amount of $900 in attempting to repair a furnace that did not have gas supplied to the unit. Given the standard of review articulated in *O'Brien v. Univ. Community Tenants Union, Inc., supra,* the court must deny the motion to dismiss the counterclaim.

■ The plaintiff further moves for dismissal for lack of jurisdiction over the subject matter. Although provisions of R.C. 4905.26 restrict utility rate disputes to the exclusive jurisdiction of the Public Utilities Commission, the counterclaim of the defendant does not involve a rate dispute. The Ohio State Supreme Court affirmed its position in *Kazmaier Supermarket, Inc. v. Toledo Edison Co.* (1991), 61 Ohio St.3d 147, 573 N.E.2d 655, that complaints in tort or common law against a public utility do not rest within the exclusive jurisdiction of the Public Utilities Commission. Therefore, at the present time, based upon the court's review of the pleadings, the motion to dismiss the counterclaim shall not be granted.

IT IS THEREFORE ORDERED THAT the plaintiff's motion to dismiss the counterclaim of the defendant be DENIED.

*Motion denied.*