This appeal is from a Butler County Court of Common Pleas decision granting summary judgment against plaintiffs-appellants, Rodney Thompson and Grace Thompson, and their daughter, Crystal Thompson.
On September 10, 1997, appellants filed a complaint against defendant-appellee, the New Miami Local School District. The complaint alleged negligence in that Crystal, age eleven and a fourth grade student at New Miami Elementary School, was attending school and was injured "in the gymnasium when there was no supervision."
On October 10, 1997, appellee filed a motion to dismiss under Civ.R. 12(B)(6) on the basis that the complaint failed to state a claim upon which relief could be granted. In support of the motion to dismiss, appellee asserted the immunity provisions of R.C. Chapter 2744. The trial court, ostensibly under Civ.R. 12(B), converted the motion to one for summary judgment and entered an order granting the parties sixty days to file materials permitted under Civ.R. 56. During the sixty-day period allowed, no affidavits, depositions or other such materials were filed. On February 20, 1998, the trial court concluded that based upon the complaint appellee was immune from liability under R.C.2744.03(A)(5) on the single claim asserted by appellants and granted summary judgment in favor of appellee, dismissing appellants' complaint.
At the outset, we note that appellants' sole negligence claim is that Crystal, a fourth grade student, was in the school gymnasium during school hours and appellee negligently failed to provide supervision at the time, thereby resulting in her injuries. There is no claim of malicious purpose, bad faith, wantonness or recklessness. There is no claim that the conduct was outside the scope of official responsibilities or involved R.C. 3746.24 or any other section referred to under the immunity provisions of R.C. Chapter 2744. In their sole assignment of error, appellants contend that the trial court improperly granted summary judgment.
There is nothing in the record relating to facts except those which are recited in the complaint. Appellee, by moving to dismiss under Civ.R. 12(B)(6), obligated the trial court to assume the truth of the facts alleged in the complaint. Phung v. Waste Management, Inc. (1986), 23 Ohio St.3d 100. Therefore, there was no general issue as to any material fact, and the trial court was in a position to determine whether the complaint stated a claim upon which relief could be granted as a matter of law. Civ.R. 56(C).
In order for the trial court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiffs can prove no set of facts entitling them to recovery. O'Brien v. University Community Tenants Union (1975), 42 Ohio St.2d 242, syllabus. A complaint should not be dismissed for failure to state a claim merely because the allegations do not support the legal theory on which the plaintiff apparently relies. Instead, the trial court must examine the complaint to determine if the allegations provide for relief on any possible theory. Fahnbulleh v. Strahan (1995), 73 Ohio St.3d 666.
Coming now to the analysis, R.C. 2744.02(A) grants sovereign immunity to political subdivisions[1] engaged in governmental functions[2] for acts or omissions of the subdivision or its employees. R.C. 2744.02(B)(4) excepts from that immunity injuries caused by the negligence of subdivision employees occurring within or on the grounds of buildings that are used in connection with a governmental function. R.C. 2744.03 further immunizes the school district and provides in part that:
 (A) [I]n a civil action brought against a political subdivision * * * to recover damages for injury * * * allegedly caused by any act or omission in connection with a governmental or proprietary function, the following defenses or immunities may be asserted to establish nonliability:
* * *
 (5) The political subdivision is immune from liability if the injury * * * resulted from the exercise of judgment or discretion in determining * * * how to use * * * personnel * * * unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner.
Implicit in the allegations of the instant complaint ("she was injured in the gymnasium when there was no supervision * * *") is the exercise of discretion by the school district as to "how to use * * * personnel * * *[.]" R.C. 2744.03(A)(5). Thus, if the complaint is interpreted to allege only that the school district negligently failed, under its discretion, to provide supervision of students in the gym during school hours, the school district is immune under R.C. 2744.03(A)(5), absent allegations of malicious purpose, bad faith, or wanton and reckless conduct. No such allegations appear in the complaint.
Addressing another possible interpretation of the complaint, that the teacher, if any, who was supposed to supervise students in the gym negligently failed to do so,[3] appellants are confronted with R.C. 2744.03(A)(6), which grants immunity to the teacher in the absence of acts outside the scope of employment or official responsibilities, malicious purpose, bad faith, or wantonness or recklessness. No such conduct is alleged against the teacher.
While we independently review a complaint to determine if dismissal was appropriate, and need not defer to the trial court,[4]
we nevertheless come to the same conclusion as the trial court, which found that appellants' complaint failed to allege facts that would remove appellee's claim from the immunity given the school district under R.C. Chapter 2744. We conclude that the complaint does not state a claim upon which relief can be granted and affirm the decision of the trial court.
Appellants' assignment of error is overruled and the granting of appellee's motion for summary judgment is affirmed.
YOUNG, P.J., and POWELL, J., concur.
[1] A school district is considered a political subdivision. R.C.2744.01(F).
[2] R.C. 2744.01(C)(2)(c) defines a governmental function as "[t]he provision of a system of public education."
[3] It is apparent that the legislature intended the immunity of R.C. 2744.03(A)(5) to extend only to the acts of the political subdivision and not to the acts of its employees. Kiep v. City of Hamilton (May 19, 1997), Butler App. No. CA96-08-158, unreported.
[4] Karmasu v. Brigano (Jan. 17, 1995), Warren App. No. CA94-03-034, unreported.