DECISION AND JUDGMENT ENTRY
This accelerated case comes before the court on appeal from the Huron County Court of Common Pleas wherein the trial court dismissed appellant's complaint pursuant to Civ.R. 12(B)(6).
The facts as alleged in appellant's complaint are as follows. In 2000, appellant, Marvin Mccallister, dba Clark Brothers Garage, entered into a series of oral contracts with appellee, the village of New London. Specifically, appellant agreed to tow and store vehicles for appellee. Appellee refused to pay for the towing and storing of eleven vehicles. Appellant, in his complaint, sought payment from appellee of approximately $27,000 for the towing and storing of the eleven vehicles.
On March 27, 2001, appellee filed a motion to dismiss appellant's complaint pursuant to Civ.R.12(B)(6). Appellee contended that oral contracts with municipal corporations are void as a matter of law. On April 18, 2001, the trial court granted appellee's motion. Appellant now appeals setting forth the following assignments of error:
 "I. THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION TO DISMISS AS PLAINTIFF COULD PROVE FACTS ENTITLING HIM TO RECOVERY.
 II. THE TRIAL COURT ERRED WHEN IT HELD THAT THE FISCAL CERTIFICATION REQUIREMENT PREVENTED RECOVERY OF TOWING AND STORAGE EXPENSES BY PLAINTIFF."
Appellant's two assignments of error will be addressed together. A motion to dismiss a complaint for failure to state a claim, pursuant to Civ.R. 12(B)(6), may be granted only if it appears beyond a doubt that a plaintiff can prove no set of facts which would warrant relief. O'Brienv. University Community Tenants Union, Inc. (1975), 42 Ohio St.2d 242, Syllabus. In determining such a motion, courts are limited to the four corners of the complaint. Outside evidentiary materials may not be considered. Thompson v. Central Ohio Cellular, Inc. (1994),93 Ohio App.3d 530.
 "Without proper certification, any contract by the government unit will be void. R.C. 5705.41(D)(1); [City of Seven Hills v. Cleveland, 47 Ohio App.3d 159, 163,] citing Lancaster v. Miller (1898), 58 Ohio St. 558, paragraphs two and three of the syllabus; NN Commercial Waste, Inc. v. West Carrollton (Mar. 15, 1995), Montgomery App. No. CA 14671, unreported. There can be no recovery upon the void contract. Seven Hills, 47 Ohio App.3d at 163. Even where one has performed some service on behalf of a government unit without a valid contract in effect, "[a] municipal corporation cannot generally be held liable for quasi or implied contracts or for claims based upon the theory of quantum meruit." Indian Hill v. Atkins (1950), 153 Ohio St. 562, 569-570; Seven Hills, 47 Ohio App.3d at 164. Likewise, an oral agreement is "an ineffective method" of contracting with a municipal government because "such an arrangement would lack validity." State v. Hooker (Sept. 30, 1987), Lake App. No. 12-103, unreported. "Verbal expressions of approval do not suffice. * * * Fiscal officer certification is required. R.C. 5705.41(D)." Id. Bower v. Mt Sterling (April 24, 2000), Madison App. No. CA99-10-025.
In his complaint, appellant alleged he had a valid, oral contract with appellee. Based on the foregoing, we conclude that appellant failed to state a claim on which relief could be granted. Appellant's first and second assignments of error are found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Huron County Court of Common Pleas is affirmed. Costs assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J. CONCUR.