[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
{¶ 1} On May 2, 2002, plaintiff, Sharon Shumate, filed a three-page handwritten complaint with the Franklin County Court of Common Pleas against the City of Gahanna. That complaint has been attached to this decision as Appendix A.
 {¶ 2} In her complaint, plaintiff listed several "causes of action," including "better police training and discipline," a "better court system including city clerk, city attorney and magistrate," "a city counsel that is responsive to community needs and makes the city's departments accountable for their actions. A city with a better attitude," to "act on attachments in case no 01 CV08 8386 and this case," "Hammer Law Instituted," and finally a prayer requesting five million dollars, tax free, for "pain and suffering."
 {¶ 3} On June 5, 2002, defendant filed a motion to dismiss plaintiff's complaint pursuant to Civ.R. 12(B)(6). Civ.R. 12(B)(6) authorizes a court to dismiss a complaint for failure to state a claim upon which relief may be granted. On July 18, 2002, the trial court granted the defendant's motion to dismiss, finding plaintiff's complaint was frivolous and failed to allege or set forth facts sufficient to state any cognizable legal action upon which relief can be granted. O'Brien v. Univ. Community Tenants Union, Inc. (1975), 42 Ohio St.2d 242. Plaintiff now appeals, ostensibly raising the following two assignments of error:
 {¶ 4} "1. There was no status conference, hearing or trial in Franklin County Common Pleas Court.
 {¶ 5} "2. The pro se/appellant filed another complaint and cross referenced it to CVH 08 8386 for more information. I was ill. The original and current cause of action is to award the plaintiff, Sharon Shumate five million dollars for intentional harm and negligence caused by the City and citizens of Gahanna. After researching the possibility, and even with the award of five million dollars, the palintiff [sic], Sharon Shumate, found it fiscally and physically impossible to move from the area. Although not the pro se's responsibility, the pro se suggested the attachment of property and use of the forfeiture of property federal law if necessary. Also other recommendations were made by the pro se which were not the pro se's responsibility. No action or follow up was done by the counsel in regards to the monetary award or verification of facts in regards to witchcraft by the City of Gahanna. A deposition or affidavits rather than a brief is the appropriate means to gain specific information on the probable cause of wtichcraft [sic], create more safety issues and undermine the federal law. The federal law states no notice or hearing needs to take place before the State takes the property. (Because of the circumstance, on the form for ths [sic] complaint, the pro se/appellant indicated that a case was given to Judge Travis and was dismissed and it was requested that this case was not to be given to him. Judge O'Neil [sic] was assigned the case but a judgment to dismiss the case filed July 17th was sent with only part of the case addressed and signed by Judge Travis. The appellant has a right to file a law suit [sic] and time is running out on some of the named defendants. There was lack of due process. All the Bill of Rights Amendments were violated in this case."
 {¶ 6} The burden of affirmatively demonstrating error on appeal rests solely with the appealing party, in this case, the plaintiff. App.R. 16(A)(7); App.R. 9; and State ex rel. Fulton v. Halliday (1944),142 Ohio St. 548. Pursuant to App.R. 16(A)(7), plaintiff must present her contentions with respect to each assignment of error presented for review, in addition to the reasons in support of those contentions, with citations to the authorities, statutes, and parts of the record on which she relies. It is not the duty of this court to search the record for evidence to support an appellant's argument as to alleged error. Slyder v. Slyder (Dec. 29, 1993), Summit App. No. 16224. Absent the foregoing, unsubstantiated assertions will not be considered on appeal. Sykes Constr. Co. v. Martell (Jan. 18, 1992), Summit App. No. 15034. It is also not appropriate for this court to construct the legal arguments in support of plaintiff's appeal. "If an argument exists that can support this assignment of error, it is not this court's duty to root it out." Cardone v. Cardone (May 6, 1998), Summit App. No. 18349.
 {¶ 7} Despite our diligent effort to decipher a cognizable argument from plaintiff's brief and notice of appeal, we have been unable to do so. In her brief, plaintiff engages in a rambling and disjointed factual discourse and has submitted absolutely no authority in support of her contentions. Clearly, the burden of affirmatively demonstrating error rests with the plaintiff. App.R. 16(A)(7); App.R. 9; and Fulton, supra. However, in this case, plaintiff has failed to argue or present any evidence or legal authority in support of the assignments of error or issues raised in her appellate brief. Plaintiff has provided no citations to authorities, statutes, or legal opinions. Again, it is not the duty of this court to search the record for evidence to support plaintiff's argument as to the alleged error. Slyder, supra.
 {¶ 8} Consequently, plaintiff's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BROWN and KLATT, JJ., concur.