DECISION AND JUDGMENT ENTRY {¶ 1} This case is before the court sua sponte. It has come to the court's attention that the order from which this appeal is taken is not final and appealable. Accordingly, we have no jurisdiction to entertain this appeal at this time.
 {¶ 2} This case arises out of an automobile accident involving plaintiff, Danielle Dullinger, who filed a complaint against several defendants including Westfield Companies, Dullinger's father's automobile insurance carrier. Pursuant to Civ.R. 34(D), Westfield Companies filed a third party complaint for discovery only against FedEx Ground, Danielle Dullinger's employer. Civ.R. 34(D) states:
 {¶ 3} "Production of documents and things for inspection, copying, testing and entry upon land for inspection and other purposes
 {¶ 4} "(A) * * *
 {¶ 5} "(D) Prior to filing of action.
 {¶ 6} "(1) Subject to the scope of discovery provisions of Civ.R. 26(B) and 45(F), a person who claims to have a potential cause of action may file a petition to obtain discovery as provided in this rule. Prior to filing a petition for discovery, the person seeking discovery shall make reasonable efforts to obtain voluntarily the information from the person from whom the discovery is sought. The petition shall be captioned in the name of the person seeking discovery and be filed in the court of common pleas in the county in which the person from whom the discovery is sought resides, the person's principal place of business is located, or the potential action may be filed. The petition shall include all of the following:
 {¶ 7} "(a) A statement of the subject matter of the petitioner's potential cause of action and the petitioner's interest in the potential cause of action;
 {¶ 8} "(b) A statement of the efforts made by the petitioner to obtain voluntarily the information from the person from whom the discovery is sought;
 {¶ 9} "(c) A statement or description of the information sought to be discovered with reasonable particularity;
 {¶ 10} "(d) The names and addresses, if known, of any person the petitioner expects will be an adverse party in the potential action;
 {¶ 11} "(e) A request that the court issue an order authorizing the petitioner to obtain the discovery.
 {¶ 12} "(2) The petition shall be served upon the person from whom discovery is sought and, if known, any person the petitioner expects will be an adverse party in the potential action, by one of the methods provided in these rules for service of summons.
 {¶ 13} "(3) The court shall issue an order authorizing the petitioner to obtain the requested discovery if the court finds all of the following:
 {¶ 14} "(a) The discovery is necessary to ascertain the identity of a potential adverse party;
 {¶ 15} "(b) The petitioner is otherwise unable to bring the contemplated action;
 {¶ 16} "(c) The petitioner made reasonable efforts to obtain voluntarily the information from the person from whom the discovery is sought."
 {¶ 17} In its third party complaint, Westfield states, in pertinent part:
 {¶ 18} "This action is commenced, in part, against FedEx Ground, pursuant to Rule 34(D) of the Ohio Rules of Civil Procedure in order to obtain discovery of the unknown insurance policies maintained by said Third-Party Defendant which provide or may provide uninsured/underinsured motorist coverage for Plaintiff's alleged damages pursuant to theScott-Pontzer line of decisions on a primary and/or pro-rata basis with other carriers involved in this litigation."
 {¶ 19} FedEx filed a Civ.R. 12(B)(6) motion to dismiss the Civ.R. 34(D) complaint for failure to state a claim upon which relief can be granted. FedEx alleged, among other things, that Westfield's complaint must establish that a viable cause of action exists to survive its Civ.R. 12(B)(6) motion and that Westfield's complaint does not do so. Westfield responded by arguing that a Civ.R. 12(B)(6) motion cannot be granted unless it "appear[s] beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery," O'Brienv. Univ. Community Tenants Union, Inc. (1975), 42 Ohio St.2d 242 and that its Civ.R. 34(D) third party complaint clears this hurdle.
 {¶ 20} The trial court denied the Civ.R. 12(B)(6) motion in an order which states:
 {¶ 21} "Based upon the relevant case law, Civil Rules [sic] 12(B), Civil Rule 34, R.C. 2317.48 and the allegations contained in the * * * Complaint for discovery, the Court finds that Defendant/Third-Party Plaintiff Westfield National Insurance Company's * * * Complaint states a claim upon which relief can be granted.
 {¶ 22} "It is therefore Ordered that Third-Party Defendant's FedEx Ground's `Motion to Dismiss Count I of Westfield National Insurance Company's Third Party Complaint' is found not well taken and denied."
 {¶ 23} FedEx filed a timely notice of appeal in which it states, "This Appeal is proper because the Court's Order was entered in a special statutory proceeding under R.C. 2317.48 and Civ.R. 34(D), affects a substantial right, has determined the action and prevents a judgment[1]." We cannot agree. The order denying the motion to dismiss for failure to state a claim does not determine the action or prevent a judgment. This order merely refuses to dismiss the Civ.R. 34(D) complaint, it does not rule on the complaint and it does not "issue an order authorizing the petitioner to obtain the requested discovery." Civ.R. 34(D)(3).
 {¶ 24} Under Civ.R. 34(D)(3), the trial court has not yet determined whether:
 {¶ 25} "(a) The discovery is necessary to ascertain the identity of a potential adverse party;
 {¶ 26} "(b) The petitioner is otherwise unable to bring the contemplated action;
 {¶ 27} "(c) The petitioner made reasonable efforts to obtain voluntarily the information from the person from whom the discovery is sought."
 {¶ 28} Having found that the March 21, 2003 order of the trial court is not final and appealable, we sua sponte dismiss this appeal at appellant's costs. It is so ordered.
Peter M. Handwork, P. J., Richard W. Knepper, J., and Mark L.Pietrykowski, J., concur.
[1] See R.C. 2505.02, the final appealable order statute.