DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant City of Cuyahoga Falls appeals from the Summit County Court of Common Pleas, which denied its motion to dismiss. This Court affirms.
 {¶ 2} Sandra Hahn filed a complaint in which she alleged that the City, among others, was liable for injuries she sustained when she fell on a public sidewalk. Specifically, Ms. Hahn asserted that the City created a hole in the sidewalk in order to install an electrical utility box and then negligently allowed this hole to persist into a concealed and dangerous condition which ultimately caused her injury. The City moved to dismiss, pursuant to Civ.R. 12(B)(6), on the basis that it was immune from liability arising from the performance of governmental functions, per R.C. 2744.02(A)(1). The City asserted that maintenance and repair of sidewalks is a governmental function, per R.C.2744.01(C)(2)(e). However, the trial court denied the motion upon finding that Ms. Hahn's complaint had actually implicated the City in a proprietary function, that of maintaining a utility service, per R.C. 2744.01(G)(2)(c). The City appealed, asserting one assignment of error.
 Assignment of Error
"THE TRIAL COURT ERRED IN FAILING TO GRANT THE APPELLANT'S MOTION TO DISMISS, WHICH WAS BASED UPON POLITICAL SUBDIVISION TORT IMMUNITY."
 {¶ 3} The City asserts that the trial court erred by categorizing its purportedly negligent conduct as proprietary rather than governmental, thus refusing to dismiss the claim on the basis of political subdivision immunity. This Court disagrees.
 {¶ 4} A trial court may grant a Civ.R. 12(B)(6) motion to dismiss only if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle that plaintiff to relief. O'Brien v. Univ. Comm. Tenants Union (1975),42 Ohio St.2d 242, syllabus. This type of motion is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v.Guernsey Cty. Bd. of Commrs. (1992), 65 Ohio St.3d 545, 547. The trial court must accept the plaintiff's factual allegations as true and make every reasonable inference in favor of the plaintiff. Byrd v. Faber (1991), 57 Ohio St.3d 56, 60. Therefore, by also accepting these facts as true, an appellate court reviews the dismissal de novo, as a question of law.Perrysburg Twp. v. Rossford, 103 Ohio St.3d 79, 2004-Ohio-4362, at ¶ 5.
 {¶ 5} Ms. Hahn's complaint alleged that the City's negligence during installation of an electrical utility created a dangerous condition that caused her injury. For the purpose of Civ.R. 12(B)(6) review, we accept her factual assertions as true. Political subdivision tort immunity does not apply to protect a municipality from negligence arising from the performance of proprietary functions. R.C. 2744.02(B)(2). The installation of lines and equipment that comprise an electrical utility is a proprietary function. R.C. 2744.01(G)(2)(c). See Hill v.Urbana, 79 Ohio St.3d 130, 1997-Ohio-400, paragraph two of the syllabus. Therefore, this Court concludes that, under a Civ.R. 12(B)(6) review, Ms. Hahn's claim against the City is not barred by political subdivision immunity. The City's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant, City of Cuyahoga Falls.
Slaby, P.J., Whitmore, J., Concur.