[Cite as *Sapienza v. Materials Eng. & Technical Support Servs. Corp.*, 2015-Ohio-3323.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Richard Sapienza, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 15AP-101 |
| | | (C.P.C. No. 11CV02-1456) |
| Materials Engineering and Technical Support Services Corporation et al., | : | (REGULAR CALENDAR) |
| | : | |
| Defendants-Appellees. | : | |

## D E C I S I O N

### Rendered on August 18, 2015

*The Spitz Law Firm, LLC, Brian D. Spitz* and *Fred M. Bean,* for appellant.

*Arnold Todaro & Welch, Co., L.P.A.,* and *James J. Brudny, Jr.,* and *Zachary P. Pyers,* for appellees Schottenstein, Zox & Dunn Co., L.P.A.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Appellant, Richard Sapienza, appeals the final judgment entry of the Franklin County Court of Common Pleas granting attorney Robert Ouellette's motion to dismiss for failure of service and lack of jurisdiction over the person, and the resulting judgment in favor of his law firm, appellee, Schottenstein, Zox & Dunn Co., LPA. For the following reasons, we affirm the decision of the trial court.

## ASSIGNMENTS OF ERROR

{¶ 2} Sapienza presents three assignments of error for our consideration:

[I.] The trial court committed reversible error by sua sponte withdrawing and/or not enforcing the binding admissions against appellees.

[II.] The trial court committed reversible error by denying Sapienza's motion for summary judgment against appellee Schottenstein Zox & Dunn Co. LPA based on the binding admissions.

[III.] The trial court committed reversible error by dismissing Sapienza's Legal Malpractice claim after he had established admitted liability against Schottenstein Zox & Dunn Co. LPA and Robert Ouellette based on the binding admissions.

{¶ 3} All three of the assignments of error rely on alleged admissions of Schottenstein, Zox & Dunn Co., LPA ("SZD") and Ouellette. These assignments of error do not address what we find to be the dispositive issue in the case: whether attorney Robert Ouellette, who was a named party in the amended complaint, was properly served or whether the trial court ever properly held personal jurisdiction over him.

**FACTUAL AND PROCEDURAL BACKGROUND**

{¶ 4} The factual and procedural background that gave rise to this and multiple other cases is as follows. According to the amended complaint, SZD and Ouellette, a partner at SZD, provided legal services to Sapienza individually, to Materials Engineering and Technical Support Services (hereafter "METSS"), and to METSS officers and directors in their corporate and individual capacities. Sapienza's claims against SZD and Ouellette arose as a result of the legal advice given by SZD and Ouellette and acted upon by Sapienza and others.

{¶ 5} In 2005, Sapienza was a 50 percent shareholder and president of METSS. Kenneth Heater held the remaining 50 percent of METSS shares. Heater proposed that Sapienza transfer the title of president to Heater, and that Sapienza assume the title of CEO of METSS. Sapienza agreed to do this. In 2009, the business relationship between Sapienza and Heater began to break down. Eventually, Sapienza filed actions to dissolve METSS and Geo-Tech, a related company. Sapienza filed those actions in the Delaware County Common Pleas Court in 2010. In 2010, METSS brought suit against Sapienza for defamation, false light, and related claims in Delaware County, and METSS filed suit

against Sapienza in the Franklin County Common Pleas Court alleging breach of fiduciary duty and related claims.

{¶ 6} On February 1, 2011, Sapienza commenced the instant action by filing a complaint against defendants, Ouellette, SZD, METSS, and Heater. Two weeks later, on February 15, 2011, Sapienza filed an amended complaint only against SZD, Ouellette, and John and Jane Does 1-50—licensed attorneys for SZD. The amended complaint alleged legal malpractice, breach of fiduciary duty, breach of confidentiality, breach of contract, and fraud.

{¶ 7} On March 7, 2011, SZD filed an answer to Sapienza's amended complaint. In August 2011, the trial court granted SZD's motion for an extension of time to respond to discovery and ordered SZD to respond to Sapienza's first set of interrogatories, requests for production and request for admissions on or before September 6, 2011. On August 22, 2011, SZD filed a motion to stay discovery claiming Sapienza was involved in numerous other cases involving METSS and Geo-Tech based on similar facts. Sapienza responded and SZD filed a motion to strike the response. On October 17, 2011, the trial court denied the motion to strike and sua sponte granted SZD seven days to file a reply. Meanwhile, on October 13, 2011, Sapienza filed a document entitled "Reply Brief in Support of Motion to Disqualify" SZD's attorneys from further involvement in the case.

{¶ 8} On October 17, 2011, the same day the trial court granted SZD additional time to reply to the motion to stay discovery, Sapienza filed a motion for summary judgment based on the unanswered requests for admissions that were due on September 6, 2011.

{¶ 9} On November 22, 2011, the trial court denied SZD's motion to stay discovery stating that SZD's contention that Sapienza's claims were contingent upon the outcome of the four other "companion" cases was without merit. On December 9, 2011, Sapienza withdrew the motion to disqualify SZD's counsel, and SZD then responded to the discovery requests on December 13, 2011.

{¶ 10} On April 1, 2013, the trial court issued a decision and entry which ruled on several pending motions that had been filed in the interim since November 2011. The trial court denied Sapienza's motion for summary judgment, denied Sapienza's motion to compel discovery, denied SZD's motion for a protective order, denied SZD's motion to

dismiss for failure to state a claim, and granted Sapienza's motion for an extension of time to perfect service on Ouellette and the John Doe defendants. The trial court ordered service to be perfected upon any remaining defendants on or before May 31, 2013. Service was attempted on several dates on Ouellette, most notably on May 30, 2013.

{¶ 11} Ouellette filed a motion to dismiss on June 27 and 28, 2013, arguing that he had never been served with the amended complaint, and the court lacked personal jurisdiction over him. Additional motions, affidavits, and a deposition of a process server were all filed with the trial court.

{¶ 12} On December 18, 2014, the trial court issued a decision granting Ouellette's motion to dismiss. The trial court found that there was no service on Ouellette and that it lacked personal jurisdiction over him. On January 23, 2015, the trial court entered judgment in favor of Ouellette and found that the claims against SZD must fail as a matter of law in the absence of Ouellette being a defendant. The trial court then entered judgment in favor of SZD based on *Natl. Union Fire Ins. Co. of Pittsburgh, PA v. Wuerth*, 122 Ohio St.3d 594, 2009-Ohio-3601 (holding that a law firm may be vicariously liable for legal malpractice only when one or more of its principals or associates are liable for legal malpractice). The trial court granted the motion to dismiss for lack of personal jurisdiction over Ouellette pursuant to Civ.R. 12(B)(2). It granted the motion to dismiss for failure to state a claim under which relief can be granted against SZD pursuant to Civ.R. 12(B)(6).

{¶ 13} Sapienza timely appealed to this court.

**ANALYSIS**

{¶ 14} All three assignments of error focus on what Sapienza alleges are binding admissions against SZD. Pursuant to App.R. 12(A)(1)(b), this court is required to determine the appeal based on its merits on the assignments of error set forth in the briefs, the record on appeal, and the oral argument. Thus, we must sustain or overrule only assignments of error, not mere arguments. *Thompson v. Thompson*, 196 Ohio App.3d 764, 2011-Ohio-6286, ¶ 65 (10th Dist.); *In re Estate of Taris*, 10th Dist. No. 04AP-1264, 2005-Ohio-1516, ¶ 5.

{¶ 15} Sapienza's brief fails to address any alleged error in the trial court's judgment based upon a lack of personal jurisdiction over Ouellette. The trial court's

December 18, 2013 decision to dismiss Ouellette under Civ.R. 12(B)(2) was for lack of personal jurisdiction. "When no service is effected, as happened here, the resulting defect is a lack of jurisdiction over the person to be served." *Lesher v. McDermott*, 2d Dist. No. 02CA0025, 2003-Ohio-458, ¶ 30. The trial court found that Sapienza failed to obtain service of the amended complaint. In oral argument, Sapienza's attorney admitted that service of the amended complaint was not made on Ouellette, and that without the admissions being binding "they lose." We therefore confine our analysis to whether the admissions were material to the trial court's decision to dismiss SZD for failure to state a claim upon which relief may be granted.

{¶ 16} Turning to the trial court's decision to dismiss SZD as a party, an appellate court reviews a decision to dismiss a case pursuant to Civ.R. 12(B)(6) de novo. *Kingsley v. Ohio State Personnel Bd. of Review*, 10th Dist. No. 10AP-875, 2011-Ohio-2227, ¶ 21. A motion to dismiss for failure to state a claim can be granted only where the party opposing the motion is unable to prove any set of facts which would entitle him to the relief requested. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975). When reviewing a complaint under this standard, the factual allegations contained in the complaint are taken as true. *Id.* When reviewing a case on a motion to dismiss, the reviewing court must construe all material allegations in the complaint and all reasonable inferences drawn therefrom in favor of the nonmoving party. *Phung v. Waste Mgt., Inc.*, 23 Ohio St.3d 100 (1986).

{¶ 17} The trial court found that all claims against SZD must fail without Ouellette, a partner in SZD at all relevant times, being a party to the case. The trial court relied on *Wuerth*, which held:

> [A] law firm is a business entity through which one or more individual attorneys practice their profession. While clients may refer to a law firm as providing their legal representation or giving legal advice, in reality, it is in every instance the attorneys in the firm who perform those services and with whom clients have an attorney-client relationship.
> * * * [W]e hold that a law firm does not engage in the practice of law and therefore cannot directly commit legal malpractice.
>
> * * *

> [W]e hold that a law firm may be vicariously liable for legal malpractice only when one or more of its principals or associates are liable for legal malpractice.

*Id.* at ¶ 18, 26.  Because Ouellette was never properly a party in the case, under the authority of *Wuerth*, there is no set of facts or admissions that would entitle Sapienza to the relief he seeks for claims of legal malpractice.

{¶ 18} Dismissal of the other claims in the amended complaint was also appropriate.  "When the gist of a complaint sounds in malpractice, other duplicative claims are subsumed within the legal malpractice claim." *Illinois Natl. Ins. Co. v. Wiles, Boyle, Burkholder & Bringardner Co., L.P.A.*, 10th Dist. No. 10AP-290, 2010-Ohio-5872, ¶ 15.  Sapienza's other claims for breach of fiduciary duty, breach of confidentiality, breach of contract, and fraud would not have arisen but for the manner in which the attorney represented the client, and are therefore subsumed into the malpractice claim.  *See Dottore v. Vorys, Sater, Seymour & Pease, L.L.P.*, 8th Dist. No. 98861, 2014-Ohio-25 (claims for breach of contract, breach of fiduciary duty, promissory estoppel, breach of confidentiality, fraud, and civil conspiracy subsumed within legal malpractice claim).

{¶ 19} As a result, dismissal pursuant to Civ.R. 12(B)(6) of SZD for failure to state a claim was proper regardless of the requests for admissions served upon SZD and the alleged untimeliness of SZD's responses.  SZD cannot be held vicariously liable without a finding of an individual attorney being liable.  Ouellette was never properly served and never a party to the case.  The dismissal of Ouellette in effect closed the case against SZD as there are no remaining attorneys from whom to seek relief for legal malpractice.

**CONCLUSION**

{¶ 20} Having found that the dismissal of SZD was proper, we conclude that the trial court did not err in not considering the alleged admissions.  All three assignments of error that rely on those admissions must fail and are overruled.

{¶ 21} Having overruled all three assignments of error, we affirm the decision of the trial court.

*Judgment affirmed.*

SADLER and LUPER SCHUSTER, JJ., concur.