BUCKEYE UNION INSURANCE COMPANY, Appellant,

v.

ARLINGTON BOARD OF EDUCATION, Appellee.

[Cite as *Buckeye Union Ins. Co. v. Arlington Bd. of Edn.* (1994), 93 Ohio App.3d 285.]

Court of Appeals of Ohio,
Hancock County.

No. 5-93-48.

Decided April 6, 1994.

*Timothy P. McCarthy,* for appellant.

*Robert A. Fry,* Hancock County Prosecuting Attorney, and *Steven M. Powell,* Assistant Prosecuting Attorney, for appellee.

HADLEY, Judge.

Plaintiff-appellant, Buckeye Union Insurance Company ("appellant"), appeals from the judgment of the Hancock County Court of Common Pleas granting the motion of defendant-appellee, Arlington Board of Education ("appellee"), to dismiss appellant's claim for failure to state a claim for relief.

In 1985, John R. Davis was named as a defendant in a civil action, along with his employer, appellee, a political subdivision. The plaintiffs in that action alleged that Davis had been negligent while acting within the course and scope of his employment. It is alleged that it was demanded and requested that appellee assume the responsibility and cost for defending Davis. Appellee refused to defend Davis. Thus, Davis turned to his own insurer, appellant, to provide a defense in the above-mentioned lawsuit. Appellant did assume the duty to defend Davis, and expended funds in so doing.

At the conclusion of the lawsuit wherein appellant defended Davis, appellant filed a complaint against appellee, seeking reimbursement of the funds expended in defending Davis, pursuant to R.C. 2744.07. Upon receiving the complaint, appellee filed a motion to dismiss, pursuant to Civ.R. 12(B)(6), alleging that

appellant had failed to state a claim for relief. The trial court granted appellee's motion to dismiss. It is from this judgment entry that appellant asserts one assignment of error:

"The trial court erred in granting defendant's motion to dismiss and dismissing with prejudice the cause herein."

Appellant argues that the trial court erred by granting appellee's motion to dismiss because appellant has stated a claim for relief, by alleging that appellee failed to defend Davis, pursuant to the mandates of R.C. 2744.07. Appellee argues that the trial court was correct in stating that appellant has failed to state a claim for relief because, pursuant to R.C. 2744.07(C), the employee is the proper party to initiate an action against an employer to determine whether or not the employer had a duty to defend the employee.

R.C. 2744.07(A)(1) states:

"Except as otherwise provided in this division, a political subdivision shall provide for the defense of an employee, in any state or federal court, in any civil action or proceeding to recover damages for injury, death, or loss to persons or property allegedly caused by an act or omission of the employee in connection with a governmental or proprietary function if the act or omission occurred or is alleged to have occurred while the employee was acting in good faith and not manifestly outside the scope of his employment or official responsibilities. * * *"

Also pertinent to the resolution of this issue is R.C. 2744.07(C), which states:

"If a political subdivision refuses to provide an employee with a defense in a civil action or proceeding as described in division (A)(1) of this section, the employee may file, in the court of common pleas of the county in which the political subdivision is located, an action seeking a determination as to the appropriateness of the refusal of the political subdivision to provide him with a defense under that division."

The trial court dismissed appellant's complaint, stating that before it could resolve any of the insurer's claims for monetary relief, a court of common pleas in the county in which the political subdivision is located must first determine the appropriateness of appellee's refusal to provide Davis with a defense.

"In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ.R. 12(B)(6)), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. (*Conley v. Gibson* [1957], 355 U.S. 41 [78 S.Ct. 99, 2 L.Ed.2d 80], followed.)" *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus.

We agree with the trial court's dismissal of appellant's complaint. R.C. 2744.07 makes it clear that the *employee* who claims that his employer ("political subdivision") had a duty to defend him in an action alleged to have occurred while acting within the scope of his employment must bring an *action* himself to first determine if the political subdivision properly refused to defend the employee.

Appellant, in its brief, interpreted the trial court's ruling as meaning that an employee has an "absolute obligation" to file a suit against the political subdivision if the political subdivision has refused to defend the employee. However, as noted by R.C. 2744.07(C), an "employee *may* file * * * an action" (emphasis added) to determine if the political subdivision properly refused to defend the employee. Thus, the proper interpretation of this statute is that when the political subdivision has refused to provide a defense to an employee and the employee provides his own defense, the employee "may" (but is not required to) seek compensation from the political subdivision only if the employee follows the procedure dictated in R.C. 2744.07(C), *i.e.*, the employee (not the person or institution defending the employee) himself must file an action to first determine if the political subdivision properly refused to defend him before addressing an amount of compensation. The first determination that must be made is whether the political subdivision had to defend the employee. If it is determined that it did not, no issue of compensation ever arises. If it is determined that the political subdivision did have a duty to defend, then the issue of compensation can be addressed.

Herein, appellant (not the employee, but the employee's personal insurance company) has attempted to seek compensation before it has been determined if appellee political subdivision had a duty to defend Davis in the prior lawsuit. Thus, the trial court properly dismissed this action for failure to state a claim for relief.

Appellant's assignment of error is overruled.

The judgment of the Hancock County Court of Common Pleas is affirmed.

*Judgment affirmed.*

THOMAS F. BRYANT and EVANS, JJ., concur.