OPINION
The City of Columbus, defendant-appellant, appeals a decision of the Franklin County Court of Common Pleas, granting a motion for declaratory judgment filed by Lawrence Geis, defendant-appellee. We reverse the trial court's decision and remand the case for further proceedings.
On July 4, 1994, Geis witnessed a man throw an object at a car driven by Timothy Mendes. Geis followed the man, later identified as Jack Trosper, plaintiff-appellee, to a SuperAmerica service station. Geis testified that he "pulled out my issued badge and I identified myself as a Columbus Police Officer." Geis claims that while talking to Trosper, Mendes "came from behind me * * * and punched Mr. Trosper in the face." Geis was not dressed in a police uniform.
Terry Fancher testified that she saw Trosper run into the station and that he was scared. She also testified that Geis yelled "at him, telling him he'd better come out or he was coming in and pull him out." She further testified that after Trosper came out from the station, she saw Geis push Trosper in the chest or shoulder area, followed by Mendes hitting Trosper causing him to fall. She stated that she saw Mendes kick Trosper "two or three times. Maybe four" while Trosper was on the ground. She also stated while this was occurring, Geis did nothing. Fancher's account is supported by the testimony of another eye witness.
On June 28, 1995, Trosper filed a complaint against Geis claiming that Geis "unlawfully, and under color of state law, did, during the apprehension of [Trosper] and while [Trosper] was in custody, permit [Trosper] to be assaulted and battered by Timothy Mendes." Trosper claimed that the conduct of Geis was "unreasonable and unlawful and deprived Trosper of a federally protected right under section42 U.S.C. § 1983." On October 26, 1995, Geis counsel filed a motion to withdraw from representation because "representation had not been approved by the Fraternal Order of Police and that arrangements would have to be made regarding representation."
On July 3, 1996, Trosper filed an amended complaint that included appellant as a defendant along with Geis. Thereafter, Geis filed a cross-claim against appellant claiming that "if any of the actions which he did perform were improper, they were improper because he was improperly trained." Geis also argued that "if he acted in any wrongful manner * * * [appellant] is totally and completely responsible for such actions, and that [appellant] is obligated to pay any and all amounts which would be due as a result thereof."
On March 2, 1998, the trial court filed an agreed consent judgment entry that stated:
 Now comes [Geis], who, after admitting the allegations in [Trosper's] Second Amended Complaint, has entered into a settlement agreement with [Trosper] to consent to the following judgment. [Geis] acknowledges that he has had the benefit of advice of independent legal counsel before entering into this agreement and does so because of the significant exposure he has personally for the damages alleged by [Trosper] due to [appellant's] improper refusal to defend him and indemnify him for any judgment rendered to [Trosper]. Additionally, due to [appellant's] refusal to defend [Geis], he no longer has the funds to pay independent counsel to defend him in this matter.
 Therefore, by the agreement of the parties, [Trosper and Geis], IT IS ORDERED, ADJUDGED AND DECREED that [Trosper] is granted a judgment against [Geis], in the amount of $125,000.00, plus a reasonable attorney fee, in an amount to be determined at a subsequent hearing, plus court costs and interest.
 IT IS SO ORDERED.
On July 27, 1998, a hearing was held before the court concerning the issue of whether Geis's actions were within the scope of his duties as a police officer. At the end of the hearing, the court held that "Geis was acting within the scope of his authority and was acting in good faith." The court journalized this decision in a judgment entry filed on November 2, 1998, finding that "pursuant to R.C. 2744.07 [Geis] was acting in good faith and within the scope of his employment or official responsibilities." None of the parties have appealed this judgment entry.
On August 26, 1998, pursuant to R.C. 2744.07, and based upon the court's finding that he was acting within the scope of his authority as a police officer, Geis filed a motion for declaratory judgment. Geis requested an order declaring that appellant had a duty to defend and/or indemnify Geis for attorney fees, expenses and costs Geis incurred. Geis also requested that the order declare "that [appellant] shall indemnify and pay [Geis] the March 2, 1998 judgment in favor of [Trosper] and against [Geis]." Appellant filed a memorandum contra to Geis's motion for declaratory judgment arguing that R.C. 2744.07 "does not support his claim for declaratory judgment." Trosper also filed a motion, requesting that the court order Geis to pay prejudgment interest for the agreed consent judgment entry pursuant to R.C. 1343.03(C).
On October 16, 1998, the trial court sustained Geis's motion for declaratory judgment stating that the court:
 * * * has now determined as a matter of fact that [appellant's] interpretation of the facts was incorrect, and that Geis was acting in good faith and in the scope of his responsibilities during the altercation which gave rise to this action. Thus, [appellant] was obligated to defend Geis in this action, and to indemnify him for any judgment obtained against him. Consequently, this action at this point is properly characterized as one in which Geis as an indemnitee is seeking to hold [appellant] responsible for the judgment.
In its entry, the court also addressed Trosper's motion for prejudgment interest. The court overruled Trosper's motion finding that:
 It is clear from a reading of [Trosper's] motion that the party against whom it is directed is [appellant], despite [appellant's] claims to the contrary. While the question of whether [appellant] is liable for the agreed judgment between [Trosper] and Geis is only now being resolved, thus rendering the motion for prejudgment interest premature to some extent, it is nevertheless clear that [Trosper's] motion is based on the idea that [appellant] failed to make any good faith attempt to settle the claims against it.
The trial court filed a judgment entry on November 2, 1998, sustaining Geis's motion for declaratory judgment in favor of Geis and against appellant in the amount of $125,000, and overruling Trosper's motion for prejudgment interest. Appellant and Trosper appeal this judgment entry and present the following assignments of error:
Appellant's assignments of error:
 I. THE TRIAL COURT ERRED IN FINDING THE AGREED CONSENT JUDGMENT ENTRY TO BE ENFORCEABLE AGAINST DEFENDANT CITY OF COLUMBUS AS INDEMNITOR.
 II. THE TRIAL COURT ERRED WHEN IT DID NOT FIND THAT DEFENDANT GEIS IMPROPERLY ENTERED INTO AN AGREEMENT BINDING DEFENDANT CITY OF COLUMBUS.
 III. THE COURT ERRED IN DENYING THE MOTION OF DEFENDANT CITY OF COLUMBUS FOR RELIEF FROM JUDGMENT.
Appellee's assignment of error:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN OVERRULING PLAINTIFF'S MOTION FOR PREJUDGMENT INTEREST PURSUANT TO R.C. SECTION 1343(C), WITHOUT HOLDING AN ORAL HEARING, IN ACCORDANCE WITH OHIO LAW.
Appellant argues in its first assignment of error that the trial court erred in finding that the agreed consent judgment entry was enforceable against appellant. Appellant argues in its second assignment of error that the trial court erred because it did not find that Geis improperly entered into the agreed consent judgment entry. The trial court found that the settlement agreement was binding upon appellant because R.C. 2744.07 "does not address the precise timing" of when an employee of a political subdivision must file for a declaration that the subdivision must defend the employee "and therefore does not prohibit the employee from settling all claims through a consent judgment, and then subsequently seeking indemnity from the political subdivision." Because of the similarity in appellant's arguments in these two assignments of error, we will address both assignments at the same time.
R.C. 2744.07(A)(1) states:[1]
 Except as otherwise provided in this division, a political subdivision shall provide for the defense of an employee, in any state or federal court, in any civil action or proceeding to recover damages for injury, death, or loss to persons or property allegedly caused by an act or omission of the employee in connection with a governmental or proprietary function if the act or omission occurred or is alleged to have occurred while the employee was acting in good faith and not manifestly outside the scope of his employment or official responsibilities. Amounts expended by a political subdivision in the defense of its employees shall be from funds appropriated for this purpose or from proceeds of insurance. The duty to provide for the defense of an employee specified in this division does not apply in a civil action or proceeding that is commenced by or on behalf of a political subdivision.
R.C. 2744.07(C) states that if the political subdivision refuses to provide an employee with a defense as provided in R.C. 2744.07(A) (1), "the employee may file, in the court of common pleas of the county in which the political subdivision is located, an action seeking a determination as to the appropriateness of the refusal of the political subdivision to provide him with a defense under that division."
 Where a political subdivision wrongfully refuses to defend a suit commenced against a police officer employed by the subdivision, and the officer subsequently brings a declaratory judgment action against the subdivision to determine the subdivision's obligation to defend, the political subdivision must pay the attorney fees, expenses and costs incurred by the police officer, both in the action which the subdivision failed to defend and in the declaratory judgment action.
Rogers v. Youngstown (1991), 61 Ohio St.3d 205, syllabus.
Therefore, R.C. 2744.07(C) provides the method for a determination to be made concerning whether appellant should have represented Geis. Geis followed this method by filing on August 26, 1998, a motion for declaratory judgment seeking an order from the trial court "declaring that [appellant] had and continues to have a duty to defend and/or indemnify Defendant Geis for the attorney fees, expenses and costs Defendant Geis incurred and/or continues to incur in the defense of the suit by [Trosper]." However, appellant's duty to defend and/or indemnify Geis for attorney fees, expenses and costs incurred by Geis, does not include a duty to indemnify Geis for liability incurred by the settlement agreement negotiated with Trosper.
R.C. 2744.07(B)(1) states:
 A political subdivision may enter into a consent judgment or settlement and may secure releases from liability for itself or an employee, with respect to any claim for injury, death, or loss to persons or property caused by an act or omission in connection with a governmental or proprietary function.
R.C. 2744.07(B)(1) extends the power to enter into consent judgments or settlement agreements to a political subdivision and not to an employee because a "political subdivision" and a "employee" are defined differently. R.C. 2744.01(B) and (F); Kiepv. City of Hamilton (May 19, 1997), Butler App. No. CA96-08-158, unreported. If the legislature had intended to allow employees to have the power to enter into consent judgments or settlement agreements securing releases from liability for the political subdivision, R.C. 2744.07(B)(1) would have stated "political subdivision and/or employee of the political subdivision." Since R.C. 2744.07(B)(1) only allows a political subdivision to enter into a consent judgment or settlement, we find that Geis did not have the authority to bind appellant to the agreed consent judgment entry negotiated with Trosper.
The trial court also reasoned that appellant was bound by the terms of the agreed consent judgment entry because appellant refused to defend Geis. The court stated: "The City could have protected its right to participate in resolution of the claims by defending the action from its commencement, and preserved its right to seek remedies against Geis in the event of a favorable ruling in the declaratory judgment action." However, in Buckeye Union Ins. Co. v.Arlington Bd. of Edn. (1994), 93 Ohio App.3d 285, an appellate court stated:
 * * * R.C. 2744.07 makes it clear that the employee who claims that his employer ("political subdivision") had a duty to defend him in an action alleged to have occurred while acting within the scope of his employment must bring an action himself to first determine if the political subdivision properly refused to defend the employee.
* * *
 * * * The first determination that must be made is whether the political subdivision had to defend the employee. If it is determined that it did not, no issue of compensation ever arises. If it is determined that the political subdivision did have a duty to defend, then the issue of compensation can be addressed.
Id. at 288 (emphasis added; emphasis sic). The appellate court held that the employee's personal insurance company could not seek compensation from the political subdivision because it had "attempted to seek compensation before it has been determined if appellee political subdivision had a duty to defend [employee] in the prior lawsuit." Id. at 288. Determining first whether the political subdivision is obligated to defend the employee based upon whether he was acting within the scope of his employment before determining the issue of compensation, is similar to the steps taken in claims against officers or employees of the state filed in the court of claims pursuant to R.C. 2743.02(E).
Accordingly, we find that the agreed consent judgment entry entered into by Geis and Trosper filed on March 2, 1998, is not binding upon appellant because: (1) pursuant to R.C. 2744.07(B)(1), Geis did not have the authority to enter into a consent judgment or settlement agreement securing releases from liability for appellant with respect to claims caused by an act or omission in connection with a governmental or proprietary function; and (2) the issue of appellant's duty to defend Geis should have been resolved before the issue of compensation was addressed. Appellant's first and second assignments of error are sustained. Because of our disposition of appellant's first and second assignments of error, we do not need to address appellant's third assignment of error. App.R. 12(A)(2).
Trosper argues in his cross-appeal assignment of error that the trial court erred in failing to hold an evidentiary hearing regarding his claim for prejudgment interest. Trosper claims that he is entitled to prejudgment interest because appellant "failed to make a good faith effort to resolve this matter." However, we have already found that appellant was not bound by the agreed judgment entry negotiated by Trosper and Geis. Therefore, Trosper's arguments concerning appellant's obligation to pay prejudgment interest based upon the agreed consent judgment entry are moot. App.R. 12(A)(2).
Accordingly, appellant's first and second assignments of error are sustained, and appellant's third assignment of error and Trosper's assignment of error are made moot by our disposition of appellant's first and second assignments of error. The trial court's decision sustaining Geis's motion for declaratory judgment in favor of Geis and against appellant is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.
Judgment reversed; cause remanded.
LAZARUS, P.J., and BOWMAN, J., concur.
[1] Even though pursuant to R.C. 2744.09(E) the provisions of Chapter 2744 do not apply to civil claims based upon alleged violations of the constitution or statutes of the United States, R.C. 2744.09(E) states in part that "the provisions of section2744.07 of the Revised Code shall apply to such claims or related civil actions." In the present case, Trosper alleged that Geis deprived him of his federal civil rights pursuant to Section 1983, Title 42, U.S. Code. Therefore, even though the immunities in Chapter 2744 do not apply to federal claims, the procedures in R.C. 2744.07 still apply in the present case.