This appeal arises out of an employment termination. The complaint alleged eight claims of wrongful termination; breach of contract; age, sex/gender, race, and political affiliation discrimination; as well as libel and slander, "jointly and/or severally" against thirteen different parties. Because the trial court's journal entries do not dispose of all claims against all parties, we dismiss this appeal for lack of jurisdiction. Civ.R. 54 (B)
Plaintiff-appellant Fred Bisbee was employed by the Cuyahoga County Board of Elections ("Board") before his termination. His employment was terminated for spreading gossip about two of his co-workers who purportedly engaged in sexual conduct at the Board. His complaint named as defendants the Board; the Ohio Secretary of State; the Cuyahoga County Board of Commissioners ("Board of Commissioners"); Board Chairman Roger Synenberg, Director Bill Wilkins, Deputy Director Gwen Dillingham (collectively, "Board Directors"), and Board employees Michael DeFranco, Theresa Armenti, Don DeMaioribus, Rita Moher, Jean Dare, Irene Lange, and Ben Leutenberg (collectively "Board Employees").
 Claims
The complaint raised eight claims, including wrongful termination; breach of contract; age, sex/gender, race, and political affiliation discrimination; as well as libel and slander. Specifically, the complaint alleged as follows:
 17. That on or about October 16, 1996 the Plaintiff was wrongfully terminated from his employment in violation of his employment contract and/or in violation of the Ohio Revised Code Section 4112;
 18. That the Plaintiff is Fifty-six (56) years old and the actions taken against him were on the basis of age discrimination;
 19. That the actions taken against Plaintiff were on the basis of sex/gender discrimination;
 20. That the actions taken against Plaintiff were on the basis of racial discrimination;
 21. That the actions taken against Plaintiff were on the basis of political affiliation, including but not limited to, an action against him in violation of the determination of the United States Supreme Court in the case of Rutan, et. al. v. Republican Party of Illinois, et al. Supreme Court Case #188-1972, 88-2074;
 22. That the actions of Defendants, jointly and/or severally, are in violation of the Ohio Revised Code Section 4112, and Defendants' actions are without protection of immunities of Civil Liability, pursuant to Ohio Revised Code Section 2744.02, and further represent a Breach of Contract, and a wrongful termination;
 23. That the actions of the Defendants libeled Plaintiff by written document (see attached Exhibit "A");
 24. That the actions of the Defendants, jointly and/or severally, slandered the Plaintiff by their innuendo statements, the termination of Plaintiff, and/or publication of his termination;
 Parties
The complaint originally named thirteen defendants. On its face, the complaint literally raised all eight claims against each of these thirteen parties. See e.g., O'Brien v. Univ.Community Tenants Union (1975), 42 Ohio St.2d 242 (courts have a duty to construe complaints liberally). During the course of the proceedings, however, plaintiff voluntarily dismissed all claims against the Secretary of State[1], and the trial court dismissed by journal entry the complaint against the Board of Commissioners. The remaining eleven defendants-appellees filed "joint but separate motions for summary judgment."
The trial court initially granted summary judgment in favor of the Board and its three directors on the four discrimination claims, but denied summary judgment on the wrongful termination and breach of contract claims against them. In the same journal entry, the trial court granted summary judgment in favor of the seven Board Employees on the libel and slander defamation claims. This entry, however, did not adjudicate the wrongful termination, breach of contract, and defamation claims against the Board and its directors. Nor did it adjudicate the wrongful termination, breach of contract, and discrimination claims against the seven Board Employees.
The trial court thereafter reconsidered its denial of summary judgment for the Board and its directors on the wrongful termination and breach of contract claims. The trial court marked its journal entry "final." However, a review of the record reveals that the trial court's journal entries have not resolved either the libel and slander defamation claims against the Board and its directors, or the wrongful termination, breach of contract, and discrimination claims asserted against the seven Board Employees.
Civ.R. 54 (B) expressly governs judgment upon multiple claims or multiple parties and provides as follows:
 When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however, designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
Because the trial court did not dispose by journal entry of all eight claims against all eleven parties, we lack jurisdiction to entertain this appeal. Noble v. Colwell (1989), 44 Ohio St.3d 92. Our opinion dismissing this appeal for lack of a final appealable order should not be construed to express any view on the merits of these unadjudicated claims.
Appeal dismissed.
It is ordered that appellee recover of appellant its costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, J., and MICHAEL J. CORRIGAN, J., CONCUR.
 _________________________________ DIANE KARPINSKI PRESIDING JUDGE
[1] The Ohio Supreme Court has recently held that a plaintiff may voluntarily dismiss claims against a party pursuant to Civ.R. 41 (aA) (1) (6). Denham v. New Carlisle (1999), 86 Ohio st.3d 594.