RAMIREZ, Appellants,

v.

AKZO NOBEL COATINGS, INC. et al.,Appellees.

[Cite as *Ramirez v. Akzo Nobel Coatings, Inc.*, 153 Ohio App.3d 115, 2003-Ohio-2859.]

Court of Appeals of Ohio,
Fifth District, Licking County.

No. 02CA70.

Decided June 2, 2003.

James E. Arnold and D. Andrew List, for appellants.

Thompson Hine, John T. Sunderland and Douglas A. Terry; and Roger P. Sugarman, for appellees.

EDWARDS, Judge.

{¶ 1} Appellants, Steven and Reva Ramirez, appeal from the June 14, 2002 judgment entry of the Licking County Court of Common Pleas, which dismissed a stigma-damages claim from their complaint. Appellees are Akzo Nobel Coatings, Inc., the estate of John Mercer, and John David Mercer.

## STATEMENT OF THE FACTS AND CASE

{¶ 2} On February 23, 2001, appellants filed a civil suit for compensatory and punitive damages, raising claims of negligence or intentional misconduct, trespass, negligence/intentional infliction of emotional distress, and absolute/qualified nuisance. The complaint named the appellees and two others as defendants. The complaint arose from defendants' alleged dumping of hazardous waste on a nearby property, known as the Mercer Farm, and the resulting cleanup project. On February 26, 2001, appellants filed a first amended class action complaint seeking compensatory and punitive damages on behalf of themselves and all others similarly situated, based on the same tort claims.

{¶ 3} Subsequently, on March 4, 2002, appellees filed a Civ.R. 12(B)(6) motion to dismiss appellants' claims for stigma damages, alleging a failure to state a claim upon which relief could be granted. In the motion, appellees argued that stigma damages, defined as damages resulting from a diminution in the value of one's real property because of a public perception that the property may be contaminated with a dangerous or toxic substance, are not recoverable in the absence of physical damage to a plaintiff's property. On April 23, 2002, the trial court granted appellees' motion. On June 14, 2002, the trial court amended its

judgment entry to correct a clerical error in the April 23, 2002 judgment entry and to add Civ.R. 54(B) language.

{¶ 4} It is from the June 14, 2002, judgment entry that appellants appeal, raising the following assignment of error:

{¶ 5} "The trial court erred by dismissing on the pleadings plaintiffs' damages claim based on the change in fair market value of their property directly resulting from defendants' extensive dumping of hazardous and toxic waste, which is alleged to constitute a tort of nuisance, negligence, and/or intentional misconduct.

{¶ 6} "A. Plaintiffs are not required to show any physical invasion of their property to recover damages on nuisance claims, as distinct from trespass claims.

{¶ 7} "B. Unreasonable noises, odors, and other forms of blight are grounds for nuisance claims based on interference with use or enjoyment of property.

{¶ 8} "C. Nuisance claims can be premised on negligent or intentional misconduct that interferes with plaintiffs' use or enjoyment of their property.

{¶ 9} "D. Reduction in fair market value of plaintiffs' property resulting directly from interference with use or enjoyment of their property is a standard measure of damages for nuisance claims.

{¶ 10} "E. Defendants' portrayal of this case as involving mere 'stigma' ignores the real and immediate economic harm from their misconduct, which has interfered with the use or enjoyment of plaintiffs' property."

{¶ 11} In their sole assignment of error, appellants argue that the trial court erred when it dismissed appellants' claim for damages, which was based upon the change in fair market value of their property as a result of the dumping of hazardous and toxic waste on nearby property.

{¶ 12} The trial court dismissed the first count of appellants' amended complaint, pursuant to appellees' Civ.R. 12(B)(6) motion for failure to state a claim upon which relief may be granted. Appellants alleged the following in count one of the first amended complaint: "As a direct and proximate result of the defendants' negligent and/or intentional misconduct in supplying, transporting, handling and dumping of hazardous waste at the Mercer Toxic Waste Dump, as well as their concealment of same, the defendants have caused a diminution in the value of Plaintiffs' property, as well as incidental and consequential damages, the amount of which have not yet been determined."

{¶ 13} In dismissing appellants' first count, the trial court held as follows:

{¶ 14} "The defendants claim that there is no viable claim recognized in Ohio for stigma damages since no physical damage to the plaintiff's properties has occurred. This Court finds that under Ohio law, stigma damages cannot be

recovered unless there is actual, physical damage to a plaintiff's property. See, *Chance v. BP Chemicals, Inc.* (1996), 77 Ohio St.3d 17, 670 N.E.2d 985."

{¶ 15} Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. *Greeley v. Miami Valley Maintenance Contrs., Inc.* (1990), 49 Ohio St.3d 228, 229, 551 N.E.2d 981. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 548, 605 N.E.2d 378. The court will look only to the complaint to determine whether the allegations are legally sufficient to state a claim. Id. In order for the trial court to dismiss a complaint pursuant to Civ.R. 12(B)(6), the court must find beyond a doubt that the plaintiff can prove no set of facts that would support his claim for relief. *O'Brien v. Univ. Community Tenants Union* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753. Under a de novo analysis, we must accept all factual allegations in the complaint as true, and all reasonable inferences must be drawn in favor of the nonmoving party. *Byrd v. Faber* (1991), 57 Ohio St.3d 56, 60, 565 N.E.2d 584.

{¶ 16} We find that the Ohio Supreme Court case of *Chance v. BP Chemicals*, 77 Ohio St.3d 17, 670 N.E.2d 985, is dispositive. In *Chance,* plaintiffs filed a suit on behalf of citizens of the city of Lima, Ohio, who owned an interest in property near BP Chemical's 200–acre chemical refinery in Lima, Ohio. Plaintiffs claimed that hazardous liquid waste from BP's "deepwell" disposal process migrated below their property. Plaintiffs sought injunctive relief and general and punitive damages based upon theories of trespass, nuisance, negligence, strict liability, and fraudulent concealment. The trial court bifurcated the litigation into separate liability and damage phases. At the close of the plaintiffs' case, the trial court issued a directed verdict to BP on plaintiffs' claims for fraud, nuisance, and ultrahazardous activity. The jury returned a verdict in favor of BP on plaintiffs' trespass claim. The case was appealed and affirmed by the court of appeals.[1]

{¶ 17} Upon reaching the Ohio Supreme Court, the court affirmed the directed verdict regarding the issues of nuisance, fraud, and ultrahazardous activity. The court noted that "appellants had no evidence of specific problems at appellee's site other than speculative opinion testimony that problems may arise in the future." Thus, the court agreed that there was no evidence of nuisance.

{¶ 18} The court then addressed the appellants' trespass claim, finding that trespass required a showing of physical damages or interference with use.

{¶ 19} The court went further, however, and found that the trial court did not abuse its discretion when it denied the plaintiffs the opportunity to present

---

1. *Chance v. BP Chemicals, Inc.* (Mar. 30, 1995), Cuyahoga App. Nos. 66622, 66645, and 67369, 1995 WL 143827.

evidence of speculative stigma damages. Specifically, plaintiffs sought to present evidence that environmental stigma associated with deepwells had a negative effect on plaintiffs' property values due to the public perception that there may have been hazardous liquid waste under plaintiffs' properties and that the hazardous liquid waste may be dangerous. The court held that in proving damages, the trial court was correct in requiring plaintiffs to prove some physical damage or interference with use proximately caused by the deepwells as part of their trespass case.

{¶ 20} *Chance* foreclosed a showing of damages based upon the decrease in a property's fair market value caused solely by environmental stigma. That is exactly what appellants sought in count one of their complaint. Appellants alleged a diminution of their property's value due to dumping of toxic waste on a nearby property by defendants without alleging any actual damage or harm to their property.

{¶ 21} Appellants ask this court to limit *Chance* to cases involving trespass. Appellants concede that actual, physical damage is an element of trespass that a plaintiff would be required to show. Appellants argue that because appellants brought a claim of nuisance, for which physical damage is not an element, *Chance* would be inapplicable. We disagree. We find that a reading of *Chance* demonstrates that the Supreme Court's holding was not limited to trespass claims.[2] Rather, we find *Chance* went further and held that pure environmental stigma, defined as when the value of real property decreases due solely to public perception or fear of contamination from a neighboring property, does not constitute compensable damages in Ohio. Rather, a plaintiff must show actual harm.

---

2.   {¶ a} Specifically, the *Chance* court held the following:

{¶ b} "[W]e find that some type of physical damages or interference with use must have been demonstrated for appellants to recover for a trespass.

{¶ c} "*Additionally,* appellants in essence argue that even if the trial court was correct in requiring them to prove "actual" damages as an element of their trespass claim, the trial court erred by unduly restricting what type of damages they were required to demonstrate. For example, appellants argue that the trial court should have allowed appellants to present evidence that environmental stigma associated with the deepwells had a negative effect on appellants' property values due to the public perception that there may have been injectate under appellants' properties and that the injectate may be dangerous. We find that the trial court did not abuse its discretion in the circumstances of this case in foreclosing appellants from presenting evidence of speculative stigma damages. Therefore, the trial court was correct in requiring appellants to prove some physical damages or interference with use proximately caused by the deepwells as part of their trespass claim in the circumstances of this case, thus placing on appellants the burden of establishing that the injectate interfered with the reasonable and foreseeable use of their properties." *Chance v. BP Chemicals, Inc.*, 77 Ohio St.3d 17, 27, 670 N.E.2d 985. (Emphasis added.)

{¶ 22} Further, appellants point this court to our decision in *DeSario v. Industrial Excess Landfill, Inc.* (1991), 68 Ohio App.3d 117, 587 N.E.2d 454, and its progeny. In *DeSario,* the actual issue before the court was certification of a class. However, in considering the certification of the class, this court implicitly approved of the underlying claims of diminished property values due to the operation and use of a landfill in which toxic waste was deposited. In any event, we find that any precedential value of *DeSario* was superceded by the Ohio Supreme Court's subsequent decision in *Chance.*

{¶ 23} Therefore, this court finds that stigma damages are not available in the state of Ohio. Appellants also attempt to raise issues regarding their nuisance claim. In count four of appellants' complaint, appellants allege a nuisance based in part on noxious fumes, odors, and irritants as well as excessive and irritating noise. However, the trial court did not dismiss nor rule on appellants' nuisance claim.[3] We want to make it clear that should appellants show damage or interference such as to establish a claim of nuisance, the resulting damage may not necessarily be defined as mere stigma damages, because stigma damages are defined as a drop in property value based solely upon fear and public perception alone. Should appellants ultimately prove a claim of nuisance, appellants would be entitled to damages resulting from the nuisance itself.

{¶ 24} Appellants' sole assignment of error is overruled.

{¶ 25} The judgment of the Licking County Court of Common Pleas is affirmed.

Judgment affirmed.

FARMER, P.J., and BOGGINS, J., concur.

---

3. In the April 22, 2002 judgment entry of the trial court, the trial court dismissed appellants' nuisance claim (count two of the complaint). However, the trial court acknowledged its error in dismissing the nuisance claim in its June 14, 2002 judgment entry and stated that it meant to dismiss count one of appellants' complaint.