OPINION
{¶ 1} Plaintiff-appellant Carol J. Houck appeals from the October 29, 2003, Judgment Entry of the Knox County Court of Common Pleas which granted defendant-appellee Ridgecrest Memory Gardens, Inc.'s Motion to Dismiss.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On May 24, 2002, appellant filed a complaint in the Knox County Court of Common Pleas. On June 14, 2002, an amended complaint was filed. Appellant presented the following claims: fraudulent misrepresentation, promissory estoppel, breach of contract and a request for appointment of receiver. The complaint named Ridgecrest Memory Gardens, Inc. as one of the defendants. The following facts were alleged in appellant's complaint.
 {¶ 3} At one time, appellant and her husband operated three cemeteries within the State of Ohio, including Mount Vernon Memorial Gardens located in Knox County. When appellant's husband died, appellant continued to operate the cemeteries.
 {¶ 4} In 1997, Loewen Group International, Inc. [hereinafter LGI], contacted appellant to inquire about purchasing the cemeteries and the rights to operate the cemeteries. The parties entered negotiations and entered an initial agreement for the purchase and sale of the cemeteries. The purchase price was $2,020,000.00, payable as follows: $1,595,000.00 due at closing and $425,000.00 in ten annual installments of $42,500.00. Ultimately, a closing date for the transaction was scheduled for February 16, 1998.
 {¶ 5} The parties met on February 16, 1998. LGI designated Loewen Group Acquisition Corporation [hereinafter LGAC] as its designee for entering into the contract. It was further agreed that LGI would serve as a guarantor of the promissory note being executed for $425,000.00. Later that same day and just prior to the signing of the closing documents, appellant was provided with a note with LGAC as maker and with no guarantee by LGI. Appellant asserts that the removal of LGI as guarantor of the note came as a surprise and was in contradiction to the parties' previous negotiations.
 {¶ 6} Subsequently, LGI offered to create a company for the sole purpose of guaranteeing the note. The company which LGI would create would be entitled "Ridgecrest Acquisitions, Inc." (Ridgecrest Acquisitions, Inc. is now known as Ridgecrest Memorial Gardens, Inc.) LGAC and Ridgecrest offered to sign the promissory note. Ridgecrest was to serve as a holding company for the three cemeteries which were the subject of the sale. According to appellant's complaint, appellant was assured that Ridgecrest would hold title to the properties involved for the specific purpose of providing collateral for appellant in the event LGAC or Ridgecrest failed to pay.
 {¶ 7} Appellant agreed to proceed with the closing and signed the asset purchase agreement dated February 16, 1998. The parties completed the closing, consideration was exchanged and the deeds to the properties were transferred to Ridgecrest. As part of the closing documents, a revised promissory note with LGAC as maker and Ridgecrest as guarantor was signed promising to pay appellant ten annual installments of $42,500.00.
 {¶ 8} Ultimately, Ridgecrest became a nonprofit cemetery association. Shortly after paying appellant her first installment on the note, LGI and LGAC filed bankruptcy in the United States Bankruptcy Court for the District of Delaware. When the next annual payment under the note became due and payable (for the year 2000), LGAC and Ridgecrest failed to pay the annual payment. Appellant alleges that although demand was made for payment, LGAC and Ridgecrest failed to pay the amount due under the promissory note.
 {¶ 9} On May 27, 2003, appellee Ridgecrest Memory Gardens, Inc. filed a motion to dismiss plaintiff's complaint. The motion was brought pursuant to Civ. R. 12(B)(6). In the motion to dismiss, appellee asserted that appellant's claim against Ridgecrest Memory Gardens, Inc. was barred by R.C. 1721.06 and public policy. On October 29, 2003, the trial court granted appellee's motion to dismiss.
 {¶ 10} Thus, it is from the October 29, 2003, Judgment Entry that appellant appeals, raising the following assignments of error:
 {¶ 11} "I. The court erred in granting appellees' motion to dismiss on the pleadings as a matter of law.
 {¶ 12} "II. The court erred in considering appellees' introduction of evidence outside of the complaint in contradiction of rule 12(b)(6) as a matter of law.
 {¶ 13} "III. The court erred in granting appellees' motion to dismiss on the basis of Ohio revised code 1721.06 as a matter of law."
 I III {¶ 14} We shall consider appellant's first and third assignments together. In the first assignment of error, appellant contends that the trial court erred when it granted appellees' motion to dismiss on the pleadings, pursuant to Civ. R. 12(B)(6). In the third assignment of error, appellant asserts that the trial court erred when it granted appellee's motion to dismiss on the basis of R.C. 1721.06, as a matter of law.
 {¶ 15} Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. Greeley v. Miami Valley Maintenance Contrs.,Inc. (1990), 49 Ohio St.3d 228, 229, 551 N.E.2d 981. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint.State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992),65 Ohio St.3d 545, 548, 605 N.E.2d 378. The court will look only to the complaint to determine whether the allegations are legally sufficient to state a claim. Id. In order for the trial court to dismiss a complaint pursuant to Civ.R. 12(B)(6), the court must find beyond a doubt that the plaintiff can prove no set of facts that would support his claim for relief. O'Brien v. Univ.Community Tenants Union (1975), 42 Ohio St.2d 242,327 N.E.2d 753. Under a de novo analysis, we must accept all factual allegations in the complaint as true, and all reasonable inferences must be drawn in favor of the nonmoving party. Byrdv. Faber (1991), 57 Ohio St.3d 56, 60, 565 N.E.2d 584.
 {¶ 16} In its motion to dismiss, Ridgecrest contended that the contract in question was void and unenforceable because Ridgecrest was forbidden from incurring another entity's debt pursuant to R.C. 1721.06. In the alternative, Ridgecrest contended that the contract was void as against public policy. On appeal, Ridgecrest argues that the only issue to be decided is whether R.C. 1721.06 and public policy prohibits appellant's action.
 {¶ 17} Revised Code 1721.06 states, in pertinent part, as follows:
 {¶ 18} "After paying for its land, a cemetery company or association shall apply all its receipts and income, whether from sale of lots, from donations, or otherwise, exclusively to laying out, preserving, protecting, and embellishing the cemetery and avenues within it or leading to it, to the erection of buildings necessary or appropriate for cemetery purposes, and to paying the necessary expenses of the cemetery company or association. No debts shall be incurred by the cemetery company or association except for purchasing, laying out, inclosing, and embellishing the ground, buildings necessary or appropriate for cemetery purposes, and avenues, for which purposes it may contract debts to be paid out of future receipts."
 {¶ 19} In this case, we find that the trial court erred when it granted appellee's motion to dismiss. Appellant has stated a claim in her complaint that does not violate R.C. 1721.06. Revised Code 1721.06 limits how a cemetery association may use its receipts and income after paying for its land This Court's review is limited to the allegations in the complaint which must be accepted as true, with all inferences drawn in appellant's favor. As such, we find the complaint sufficiently alleges that the contract at issue concerns the purchase of its land Appellant alleges that Ridgecrest holds title to the cemetery. It is further alleged that the debt herein was incurred in the process of purchasing the cemetery. Therefore, R.C. 1721.06 is inapplicable to this contract, as pled.
 {¶ 20} We further find that the contract, as alleged in the complaint, is not void as against public policy. Ridgecrest asserts that Ohio public policy holds that a nonprofit cemetery association owes a duty to the public and the lot owners for whom the association was created to protect the cemetery association's funds from commercial exploitation. See Snyder v. Ridge HillMemorial Park (1939), 61 Ohio St. 271, 22 N.E.2d 559; See also,Newell v. Cleveland Ass'n (1938), 61 Ohio App. 476,22 N.E.2d 847. It has been said that a previous but analogous version of R.C. 1721.06 (Section 10098 of the General Code) was enacted in the interest of public policy. It was enacted to "confer a very substantial interest to lot owners in the event the income [of the nonprofit cemetery association's] income is misapplied or illegally distributed. They have an interest in the conservation of funds to the end that the cemetery be cared for and maintained as such" for perpetuity. In that appellant has sufficiently alleged in the complaint that this transaction was entered into to purchase the land that constitutes the cemetery, we find no violation of public policy.
 {¶ 21} Accordingly, appellant's first and third assignments of error are sustained.
 II {¶ 22} In the second assignment of error, appellant asserts that the trial court erred when it considered evidence introduced by appellee which was outside of the complaint, in contradiction of Civ. R. 12(B)(6). Although the trial court did not state its reasons for granting appellee's motion to dismiss, it did state that it considered "the entire record, including the motion and the briefs and arguments submitted by the parties. . . ." A review of the brief submitted by appellee reveals that the brief asserted facts which were outside of the complaint. Thus, appellant's argument that the trial court considered evidence which was outside of the complaint may be correct. However, any such error is rendered moot by our holding in assignments of error I and III.
 {¶ 23} The judgment of the Knox County Court of Common Pleas is reversed. This matter is remanded for further proceedings.
Edwards, J., Gwin, P.J. and Boggins, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Knox County Court of Common Pleas is reversed and remanded. Costs assessed to appellees.