OPINION
{¶ 1} Petitioners-appellants Thomas and Marlene Heston appeal the January 5, 2006 Judgment Entry entered by the Delaware County Court of Common Pleas, which granted the motions to dismiss the administrative appeal filed by respondents-appellees Delaware County Board of Commissioners ("the Board"), and Lisa A. Fox, George R. Phelps, Walter P. Sandel, and Catherine Sandel ("concurring owners").
 STATEMENT OF THE CASE AND FACTS {¶ 2} On September 25, 2000, the Hestons filed a petition with the Board, asking Delaware County to make drainage improvements on the Heston's business and residential properties as well as other properties in the area. The Hestons filed the petition pursuant to R.C. 6131.04, et seq.
 {¶ 3} The Board conducted a hearing on the petition on September 6, 2005, at which time it resolved to dismiss the Heston's petition as the cost of the project would outweigh its benefits. The Board passed the resolution by voice vote at the September 6, 2005 hearing. The Board officially approved the resolution on September 8, 2005. The Hestons received written notice of the Board's decision on September 24, 2005. The Hestons filed a Notice of Appeal in the Delaware County Court of Common Pleas on September 29, 2005.
 {¶ 4} On November 9, 2005, the Board and concurring owners filed respective motions to dismiss the Hestons' appeal as untimely. The Hestons filed memoranda contra to each of the motions to dismiss. The Board and concurring owners filed reply briefs. Via Judgment Entry filed January 5, 2006, the trial court granted the Board's and the concurring owner's motions to dismiss.
 {¶ 5} It is from this judgment entry the Hestons appeal, raising as their sole assignment of error:
 {¶ 6} "I. THE TRIAL COURT ERRED WHEN IT CONCLUDED THAT APPELLANTS' TIME FOR PERFECTING AN APPEAL UNDER R.C. § 6131.25
AND § 6131.35 BEGAN TO RUN ON THE DATE THE DECISION OF THE DELAWARE COUNTY COMMISSIONERS WAS VERBALLY ANNOUNCED ON SEPTEMBER 6, 2005."
 I {¶ 7} Herein, the Hestons contend the trial court erred in concluding their time for perfecting an appeal under R.C. 6131.25
and 6131.35 began to run on the date the Board verbally announced its decision, to wit: September 6, 2005. The assignment of error essentially challenges the trial court's granting of the Board's and concurring owner's motions to dismiss.
 {¶ 8} Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. Perrysburg Township v. city of Rossford,103 Ohio St.3d 79, 81, 814 N.E.2d 44, 2004-Ohio-4362. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint.State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.,
65 Ohio St.3d 545, 605 N.E.2d 378, 1992-Ohio-73. Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. Byrd. v. Faber (1991), 57 Ohio St.3d 56,565 N.E.2d 584. In order for the trial court to dismiss a complaint pursuant to Civ.R. 12(B)(6), the court must find beyond a doubt that the plaintiff can prove no set of facts that would support his claim for relief. O'Brien v. Univ. Community TenantsUnion (1975), 42 Ohio St.2d 242, 327 N.E.2d 753.
 {¶ 9} In the instant action, the parties dispute the timeliness of the Heston's appeal to the Delaware County Court of Common Pleas. The Hestons filed their appeal on September 29, 2005. The Board and concurring owners take the position the Hestons were required to file their appeal on or before September 27, 2005, twenty-one days from the September 6, 2005 hearing at which the Board denied the petition by voice vote. On the other hand, the Hestons submit they did not receive reasonable notice of the Board's decision until such was reduced to writing and/or mailed to them, which was on or about September 22, 2005; therefore, their appeal was timely.
 {¶ 10} R.C. 6131.11, which is applicable to the instant action, provides:
 {¶ 11} "If the board of county commissioners, at the first hearing, finds that a proposed improvement is not necessary, or finds that a proposed improvement will not be conducive to the public welfare, or finds that the estimated cost of a proposed improvement will exceed the benefits to be derived if it is constructed, the board shall dismiss the petition and enter itsfindings upon its journal. Any owner who is affected by the order of dismissal may appeal to the court of common pleas of the county in which the petition was filed, as provided in sections6131.12 to 6131.64 of the Revised Code. If no appeal is filed within twenty-one days, pursuant to section 6131.25 of the Revised Code, the petitioner shall pay all the costs incurred in the proceedings and the bond shall be released.
 {¶ 12} "An order issued by the board under this section is effective on the day of the hearing at which the board issued it." (Emphasis added).
 {¶ 13} At the September 6, 2005 hearing, the Board passed a resolution dismissing the Heston's ditch petition. The Board approved "the resolutions and records of the proceedings from regular meeting held September 6, 2005 as contained in the county's official electronic recordings of the proceedings" on September 8, 2005. Although the Board's oral "order" denying the petition may have been "effective" on September 6, 2005, we find the Board's approval of the dismissal of the Heston's petition on September 8, 2005, constitutes entering "its findings upon its journal" pursuant to R.C. 6131.11. Accordingly, we find the time for filing of the appeal began to run on September 8, 2005. The Hestons had twenty-one days from September 8, 2005, in which to file their appeal to the Common Pleas Court. The Hestons filed their appeal on September 29, 2005. Accordingly, we find the Heston's appeal was timely filed and the trial court erred in dismissing it.
 {¶ 14} The Heston's sole assignment of error is sustained.
 {¶ 15} The judgment of the Delaware County Court of Common Pleas is reversed and the matter remanded for further proceedings consistent with this opinion and the law.
Hoffman, J. Wise, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Delaware County Court of Common Pleas is reversed and the matter remanded for further proceedings consistent with this opinion and the law. Costs assessed to appellees.