DECISION
 IN MANDAMUS {¶ 1} Relator, Dee Carter ("relator"), an inmate of the Chillicothe Correctional Institution ("CCI"), commenced this original action against the Ohio Department of Rehabilitation and Correction ("ODRC"). ODRC was named as the sole respondent in *Page 2 
this action. The action requests this court to issue a writ of mandamus ordering the Ohio Court of Claims ("Court of Claims") to enter a decision in an action relator filed in the Court of Claims on August 8, 2005. ODRC filed a motion to dismiss this action on grounds that the complaint fails to state a claim upon which relief can be granted. The Court of Claims filed a motion for summary judgment.
 {¶ 2} Pursuant to Civ. R. 53 and Loc. R. 12(M) of the Tenth Appellate District, this matter was referred to a magistrate who considered the action on its merits and issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate found that on April 23, 2008, relator filed the complaint against ODRC and that, based on the claims raised therein, the magistrate instructed the clerk to serve a summons and copy of the complaint upon the Court of Claims. On June 11, 2008, relator, in response to ODRC's motion to dismiss, asserted that he was seeking relief against the Court of Claims and not ODRC. The magistrate determined that, on June 12, 2008, a magistrate of the Court of Claims issued a written decision on the action filed by relator. The magistrate further determined that the magistrate's decision granted to relator all the relief to which he was allegedly entitled when the instant mandamus action was filed. Therefore, the magistrate recommended that the court grant the motion for summary judgment filed by the Court of Claims. The magistrate also recommended that ODRC's motion to dismiss be granted because relator conceded ODRC should not have been named as respondent in this action, and because the complaint fails to state a claim upon which relief in mandamus can be granted against ODRC.
 {¶ 3} No objections have been filed to the magistrate's decision. *Page 3 
 {¶ 4} Finding no error of law or other defect in the magistrate's decision, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law therein. In accordance with the magistrate's decision, ODRC's motion to dismiss and the Court of Claims' motion for summary judgment are granted, and this action is dismissed.
Motion to dismiss and motion for summary judgment granted; actiondismissed.
 McGRATH, P.J., and TYACK, J., concur. *Page 4 
 APPENDIX A MAGISTRATE'S DECISION Rendered on September 16, 2008 IN MANDAMUS ON MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT {¶ 5} In this original action, relator, Dee Carter, an inmate of the Chillicothe Correctional Institution ("CCI"), requests a writ of mandamus ordering respondent, Ohio *Page 5 
Court of Claims ("court of claims"), to enter a decision in an action he filed in the court of claims on August 8, 2005.
Findings of Fact: {¶ 6} 1. On April 23, 2008, relator filed this original action. The complaint named the Ohio Department of Rehabilitation and Correction ("ODRC") as the sole respondent in this action. However, the complaint alleged that a decision from the court of claims was overdue.
 {¶ 7} 2. On May 23, 2008, this magistrate instructed the clerk of courts to serve summons and a copy of the complaint upon the court of claims.
 {¶ 8} 3. On May 27, 2008, ODRC moved to dismiss this action on grounds that the complaint fails to state a claim upon which relief in mandamus can be granted.
 {¶ 9} 4. On June 11, 2008, relator filed his written response to ODRC's motion to dismiss. Therein, relator asserts that he is seeking relief against the court of claims and not the ODRC.
 {¶ 10} 5. On June 30, 2008, the court of claims moved for summary judgment. In support, the court of claims submitted a certified copy of the court's docket in case No. C2005-08964 which is the action filed by relator in the court of claims that is the subject of this mandamus action. In further support, respondent submitted a certified copy of a magistrate's decision that was filed on June 12, 2008, in case No. C2005-08964.
 {¶ 11} 6. The court of claims' docket in case No. C2005-08964, as well as the magistrate's decision issued June 12, 2008, indicate that relator claimed that he was assaulted by an ODRC employee during August 2004. In the decision issued June 12, 2008, the court of claims' magistrate recommends that judgment be granted in favor of *Page 6 
ODRC. The decision also informs that a party may file written objections to the magistrate's decision within 14 days of the filing of the decision.
 {¶ 12} 7. On July 3, 2008, this magistrate issued notice that the court of claims' motion for summary judgment is set for submission to this magistrate on July 18, 2008.
 {¶ 13} 8. Relator failed to file any written response to the motion for summary judgment by the July 18, 2008 deadline set by this magistrate. However, on August 22, 2008, relator filed a two-page written document captioned "Motion Requesting for Discovery[,] Appealing it." In the document, relator claims that the court of claims erred in denying him discovery.
Conclusions of Law: {¶ 14} It is the magistrate's decision that this court grant ODRC's May 27, 2008 motion to dismiss. It is further the magistrate's decision that this court grant the June 30, 2008 motion for summary judgment filed by the court of claims.
 {¶ 15} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28.
 {¶ 16} This magistrate will initially address the court of claims' motion for summary judgment.
 {¶ 17} Summary judgment is appropriate when the movant demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that *Page 7 
conclusion is adverse to the party against whom the motion for summary judgment is made, said party being entitled to have the evidence construed most strongly in his favor. Turner v. Turner (1993),67 Ohio St.3d 337, 339-340; Bostic v. Connor (1988), 37 Ohio St.3d 144, 146;Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66. The moving party bears the burden of proving no genuine issue of material fact exists. Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115.
 {¶ 18} The court of claims' docket indicates that relator's action was tried to a magistrate on June 15, 2006. Thus, when relator filed this mandamus action, some 22 months had elapsed without a magistrate's decision on the issue tried.
 {¶ 19} On June 12, 2008, during the pendency of this mandamus action, the court of claims' magistrate issued his written decision. The 14-day period for relator's filing of an objection began to run following the filing of the magistrate's decision.
 {¶ 20} Given the status of the court of claims' docket at the time relator filed this mandamus action, the June 12, 2008 magistrate's decision grants to relator all the relief to which he was allegedly entitled when this mandamus action was filed.
 {¶ 21} While relator apparently still awaits the entry of final judgment by a judge of the court of claims, that is not an issue in this mandamus action. Accordingly, the court of claims must be granted summary judgment in its favor.
 {¶ 22} The magistrate shall next address ODRC's motion to dismiss.
 {¶ 23} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the relator can prove no set of facts entitling him to relief. See O'Brien v. University Community TenantsUnion (1975), 42 Ohio St.2d 242. *Page 8 
 {¶ 24} It is indeed clear beyond doubt that relator has failed to state a claim upon which relief in mandamus could be granted against ODRC. In fact, relator concedes that the ODRC should not have been made a respondent in this action.
 {¶ 25} Accordingly, it is the magistrate's decision that this court grant ODRC's May 27, 2008 motion to dismiss. It is further the magistrate's decision that this court grant the court of claims' June 30, 2008 motion for summary judgment. *Page 1